Carmen PADILLO

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare.

Civ. A. No. 77–2654.

United States District Court,
E. D. Pennsylvania.

July 11, 1978.

Herbert W. Salus, Jr., Philadelphia, Pa., for plaintiff.

Robert S. Forster, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

This is an action brought by Mrs. Carmen Padillo pursuant to § 205(g) and § 1631(c)(3) of the Social Security Act, seeking judicial review of the denial of her disability benefits claim by the Secretary of Health, Education and Welfare. In April, 1976, Mrs. Padillo applied for disability insurance benefits, alleging that she had been unable to engage in gainful employment since July, 1973. After a hearing before an Administrative Law Judge [ALJ] at which the plaintiff was represented by counsel and aided by an interpreter, and at which a vocational expert testified, the ALJ found plaintiff ineligible for disability benefits. This decision became the final decision of the Secretary when it was approved by the Appeals Council on June 22, 1977. Both plaintiff and defendant have filed motions for summary judgment which are presently pending for disposition.

Mrs. Padillo is a fifty-three year old Puerto Rican woman who for thirty years was employed by a Philadelphia men's clothing manufacturer as a sewing machine operator. This work was done in a sitting position except when plaintiff was required to lift and carry bundles of up to 28 pounds. Mrs. Padillo has a fifth grade education, can read and write in Spanish, and understands some English. She alleges that she became disabled in 1973 when, after gall bladder surgery, she began to suffer persistent severe back pain, pain in her shoulders, legs and chest, dizziness, and an inability to stand or sit for long periods or lift anything heavy. She takes medication for her pain and nervousness.

One of plaintiff's doctors diagnosed her as suffering from acute bursitis. Another who had treated plaintiff since 1970 stated as a clinical finding that plaintiff had anxiety neuroses and minimal degenerative changes of the dorso-lumbar spine. He also found occasional chest pain and dyspnea, degenerative arthritis and possible hypertension. Dr. Jacobson reported that plaintiff is under treatment for severe anxiety and persistent pain in her right shoulder and back. His X-ray studies taken January 11, 1977, revealed mild elongation of plaintiff's thoracic aorta, increased kyphosis (humpback), and degenerative changes of the dorsal spine, and he concluded that she is unable to work at the present. The government's chief medical expert, Dr. Finestone, an internist, after noting plaintiff's pain, found no objective evidence of disabling medical problems.

A careful review of the record leads the Court to conclude that, because the ALJ failed to make required specific findings and because the legal standard applied was incorrect, both motions for summary judgment must be denied, the Secretary's determination reversed, and the case remanded for further proceedings.

■ The correct legal standard for evaluating subjective pain was not applied to the facts in this case. The ALJ made no specific finding as to the effect of claimant's subjective pain on her ability to work because he acted on the erroneous premise that a claimant's subjective reports of pain and discomfort, unsupported by objective clinical evidence, are insufficient to demonstrate a disabling impairment. The law is clear that credible testimony of physical pain may support a disability claim. "Symptoms which are real to the claimant, although unaccompanied by objective medical data, may support a claim for disability benefits, providing, of course, the claimant satisfies the requisite burden of proof." *Bittel v. Richardson*, 441 F.2d 1193, 1195 (3rd Cir. 1971); *Baerga v. Richardson*, 500 F.2d 309, 312 (3rd Cir. 1974) ("Pain, in itself, may be a disabling condition . . ."). Likewise, the diagnoses of physicians are to be considered in light of the rule that medical evidence, though entirely subjective, may establish a disability. *Longo v. Weinberger*, 369 F.Supp. 250 (E.D.Pa.1974). The record establishes that if Mrs. Padillo's own account of pain, dizziness, and other symptoms were accepted as true, she would be

disabled within the meaning of the Act. In concluding that Mrs. Padillo was not eligible for benefits the ALJ never indicated whether or not he believed her testimony. The ALJ is free to reject testimony or medical evidence which he finds not credible. But if he denies disability benefits because he disbelieves the uncontradicted testimony of claimant or the diagnoses of her doctors, then he must state his finding as to the credibility of that testimony and give his reasons for it. *Wilson v. Weinberger,* 398 F.Supp. 1071, 1073 (E.D.Pa.1975) (a reviewing court "may not speculate about the Administrative Judge's opinion of the credibility of claimant's accounts of pain and suffering"). *Parsons v. Secretary of Health, Education and Welfare,* Civ. No. 76–2619 (E.D.Pa. Sept. 28, 1977). The ALJ failed to make these explicit findings in accordance with the correct standard of law and therefore the case is remanded to the Secretary so that he may do so.

Plaintiff claims that the government did not meet its burden of showing that jobs exist in the national economy which plaintiff can perform. The Court cannot conclusively decide this question because the ALJ failed to make the prior determination as to whether Mrs. Padillo suffered from an impairment which prevented her from returning to her former occupation. To establish a disability claim, a claimant must demonstrate an inability to return to his former job; upon making this showing, the burden shifts to the Secretary to come forward with proof that substantial job opportunities exist that could be performed by a person of claimant's background and condition. *Meneses v. Secretary of Health, Education and Welfare,* 143 U.S.App.D.C. 81, 84, 442 F.2d 803, 806 (1971); *Barats v. Weinberger,* 383 F.Supp. 276 (E.D.Pa.1974); *Forte v. Mathews,* 427 F.Supp. 187 (E.D.Pa. 1977). As the ALJ did not make the initial determination, the Court cannot rule that the government had a burden which it did not satisfy. Remand is necessary for this further finding.

Since this case is remanded for additional findings this Court believes it desirable to furnish the hearing judge with additional guidelines. Had the ALJ found plaintiff unable to return to her former job as sewing machine operator, the present record lacks substantial evidence for the ALJ's conclusion that substantial gainful employment exists which plaintiff can perform. This conclusion was based on testimony of the vocational expert which was drawn out by faulty hypothetical questions posed by the ALJ. [T.R. 78–82] The first hypothetical question asked the expert to assume that plaintiff suffered all the pain and limitations alleged; the vocational expert responded that plaintiff would be unable to work at her former job or at any other job. The second hypothetical question required the expert to assume that claimant's impairments were not so severe as to preclude substantial gainful employment. Under this latter assumption the vocational expert testified that jobs exist in the Philadelphia labor market for one of claimant's age, education, training and work experience [T.R. 82]. At no time did the vocational expert testify as to the existence of vocational opportunities for one of Mrs. Padillo's background given her particular impairments. This Court has addressed the question of proper hypothetical questions before. *See Davis v. Califano,* 439 F.Supp. 94 (E.D.Pa.1977); *Moore v. Califano,* Civ. No. 77-1423 (E.D.Pa. March 30, 1978). For the vocational expert's testimony to be meaningful the ALJ must pose hypothetical questions which allow the vocational expert to present his opinion as to the existence of jobs for a person of claimant's background suffering from a given set of impairments. It is incorrect for the ALJ to present the vocational expert with the conclusion that claimant can engage in substantial gainful employment. The effect of this error is that the expert's testimony does not provide evidence that substantial gainful employment exists for one of plaintiff's background and specific impairments.

Although the ALJ found that no medical evidence based on clinical or laboratory techniques was presented to establish the existence of a disabling impairment, X-ray

studies by Dr. Jacobson revealed mild elongation of the thoracic aorta, increased kyphosis (humpback) and degenerative changes of the dorsal spine [T.R. 174]. On remand, the ALJ may give more or less weight to this evidence but he should not ignore it altogether.