**Emett D. SIMMONS, Sr.,
Plaintiff-Appellant,**

v.

**Patricia Roberts HARRIS, Secretary of
Health, Education and Welfare,
Defendant-Appellee.**

No. 79–1856
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 24, 1979.

---

\* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York* et al., 5 Cir., 1970, 431 F.2d 409, Part I.

**1234**

Theodore R. Johns, Beaumont, Tex., for plaintiff-appellant.

C. Houston Abel, Asst. U. S. Atty., Tyler, Tex., Natalie R. Dethloff, Atty., Dept. of H. E. W., Baltimore, Md., for defendant-appellee.

Before, AINSWORTH, GODBOLD and VANCE, Circuit Judges.

AINSWORTH, Circuit Judge:

This is an appeal by an applicant from a denial of social security disability benefits. Appellant Emett D. Simmons, Sr. filed an application for a period of disability and disability insurance benefits under sections 216 and 223 of the Social Security Act, as amended, 42 U.S.C. §§ 416 and 423, claiming that he has been disabled since December 1974 due to residual impairments of a compression fracture of the lower back together with pain and discomfort attendant thereto. After initial and reconsideration denials by the Social Security Administration, Simmons requested and was granted a hearing before an administrative law judge of the agency. Evidence submitted at the hearing consisted of oral testimony of Simmons and of William D. Nelson, a qualified vocational expert, as well as documentary evidence, including medical reports of several doctors who examined Simmons over a period of approximately twenty-eight months. The administrative law judge rendered a decision denying Simmons' claim on

September 29, 1977. The Appeals Council affirmed the decision on November 8, 1977, thereby making it the final decision of the Secretary of Health, Education and Welfare. Pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), Simmons filed an action in the district court for the Eastern District of Texas. On cross motions for summary judgment, the district court affirmed the Secretary's denial of benefits. Because we fail to find the requisite substantial evidence in the record to support the decision of the Secretary, we reverse.

Appellant, a 59-year-old male resident of Silsbee, Texas was born on March 9, 1920 and is presently married and has four children. Three of his children live at home and one attends college. He completed the twelfth grade and served in the United States Army until 1946. He now receives per month approximately $60.20 in Veterans Administration disability benefits and $146.25 in benefits under a disability insurance policy purchased by him during his previous employment. As a consequence of an accident in December 1974 which resulted in his disability, on January 23, 1976 Simmons entered into a settlement agreement with his employer under which he received a net sum of $50,000. After an honorable discharge from the Army, appellant worked as a janitor in a medical clinic and later as a service station attendant for approximately five years. Subsequently, he was employed by a lumber company as a payloader machine operator for almost fifteen years. He left his employment there to work for the Santa Fe Railroad Company cleaning boxcars and loading equipment and supplies. While in the course of his employment with the railroad, on December 15, 1974 Simmons was injured when a boxcar door fell on his head rendering him temporarily unconscious and resulting in a severe compression fracture of the lower back. He has not worked since this accident.

A brief summary of the medical evidence indicates that Simmons was hospitalized for a period of fifteen days, diagnosed as suf-

fering from a very severe compression of the third lumbar vertebrae and a possible slight fracture of the second vertebrae with some lateral displacement. He was placed in a metal brace and was discharged on December 29, 1974 in the care of Dr. Henry A. Reid, III who followed the case on a regular basis. Simmons wore the metal brace for several months, later switching to a cotton brace which he continues to wear presently. Dr. Reid noted in his report dated September 19, 1976 that the patient had been released to light duty work on July 9, 1975, but that he "may not be able to perform his duties as previously assigned."

As Simmons continued to complain of severe back pain and other discomforts, he came under the care of Dr. Sam P. Copeland of Silsbee whom he still sees approximately once a month. Dr. Copeland stated in response to an insurance questionnaire on January 27, 1976 that the claimant was not then fully recovered and would be expected to continue recovering through June 1976. He noted that Simmons was not able to return to his former occupation and though a lighter type of work had been discussed, at the time of the report employment was not practicable. In noting that in rehabilitation Simmons would be restricted to a sedentary type of work, he pointed out that no vocational rehabilitation services are located in the Silsbee area. Dr. Copeland continued to treat Simmons, and in a more recent report dated January 20, 1977, he diagnosed Simmons as suffering from multiple fractures of the lumbar spine, radicu-

lar pain and degenerative disc disease. He noted that the patient was nervous, complained of pain and arthritis in his back, had a weak grip and some reduced range of motion in the neck. He prescribed Fiorinal for pain, adequate rest and a back support and advised him that he should avoid fatigue.

Simmons was also examined once by a neurosurgeon, Dr. Lloyd Robinson, in September 1975, and once by an orthopedic surgeon, Dr. G. B. Stephenson, in October 1976. After examination and X-rays both doctors reported that the appellant was suffering from a severe compression fracture and scoliosis. It was their opinion, however, that although he could not return to his former employment he could do some light work without difficulty. Nevertheless, five months after seeing Dr. Stephenson, Simmons was examined by a Dr. Mede at the Veterans Administration Hospital and in his report dated March 24, 1977 (the most recent report contained in the record), he stated that in his opinion Simmons would be considered totally and permanently disabled for labor.[1]

We are mindful that the function of a reviewing court is limited to determining whether the Secretary's findings are supported by substantial evidence in the record as a whole.[2] The court may not decide the facts anew or substitute its judgment as to the credibility of the evidence for that of the Secretary. *Davis v. Califano*, 5 Cir., 1979, 599 F.2d 1324, 1326; *Williams v. Finch*, 5 Cir., 1971, 440 F.2d 613, 615. Moreover, the claimant shoulders a weighty burden of establishing the exist-

1. Simmons was also treated by Dr. T. H. Ewing on two occasions in November and December of 1976. In his report, Dr. Ewing noted Simmons' complaints of pain in his lower back and associated numbness in his right leg and foot. Simmons told Dr. Ewing that "when he walks he gets the 'shakes' and his right leg will become tired and weak." Virtually every report of the doctors who treated Simmons makes reference to his back pain and intermittent pain radiating down his legs. They also note constant complaints of headaches, dizziness, difficulty with his dexterity, fatigue, nervousness, arthritis and muscle spasms. Additionally, Simmons states he has a very bad appetite and has consistently lost weight since his injury.

2. § 205(g), 42 U.S.C. § 405(g), reads in pertinent part:

The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . .

Substantial evidence traditionally has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), *quoting Consolidated Edison Co. v. N. L. R. B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938).

ence of a disability within the meaning of the Act.[3] As a consequence of these limitations, the court will rarely overturn the decision of the Secretary even if we would have decided the case differently had we been the trier of fact. See, e.g., *McDaniel v. Califano*, 5 Cir., 1978, 568 F.2d 1172; *Laffoon v. Califano*, 5 Cir., 1977, 558 F.2d 253; *Turner v. Califano*, 5 Cir., 1977, 563 F.2d 669; *Gaultney v. Weinberger*, 5 Cir., 1974, 505 F.2d 943; *Richardson v. Richardson*, 5 Cir., 1970, 437 F.2d 109. Notwithstanding its circumscribed function, it is imperative that the court scrutinize the record in its entirety to determine the reasonableness of the decision reached. *Williams v. Finch, supra*, 440 F.2d at 615. Furthermore, "the claimant's burden [of proof] is not insuperable." *Mims v. Califano*, 5 Cir., 1978, 581 F.2d 1211, 1213. In this case we find appellant has sustained his burden and that the decision of the Secretary is not supported by substantial evidence in the record.

 In finding that appellant met the special earnings requirements of the Social Security Act,[4] the trier of fact noted Simmons' "enviable regularity of employment" since his discharge from the Army until the time of his injury. The Secretary does not question the fact that Simmons suffered a serious injury to his back as well as residual impairments. All treating physicians found appellant to have sustained varying degrees of incapacity resulting from the compression fracture. At the hearing, Simmons stated repeatedly and has maintained throughout the period of his alleged disability that he has chronic back and leg pain and other incapacitating discomforts that require him to spend a majority of every day resting, often in a prone position.[5] Although evidence of pain is necessarily largely subjective, the record supplies ample objective facts and observations to support the appellant's complaints. Additionally, the Secretary made a specific finding "based upon the verbal testimony and the medical evidence submitted that the claimant does have some pain in his body." Though it is true that a finding that claimant suffers pain in fact does not necessarily foreclose attack on his credibility or require a finding of disability under the Act, *Gaultney v. Weinberger, supra*, 505 F.2d at 946, it is equally true that pain alone can be disabling, even where its existence is unsupported by objective medical evidence, *Prewitt v. Gardner*, 5 Cir., 1968, 389 F.2d 993; *Hayes v. Celebrezze*, 5 Cir., 1963, 311 F.2d 648, 651–52. In this case, however, Simmons' medical history since the accident in 1974 is replete with references to oppressive pain and other incapacitating conditions. We do not believe, therefore, that the Secretary's determination that Simmons is not suffering a disabling level of pain is reasonable in light of the evidence.

It is also important to note that the Secretary's decision apparently rests heavily on

**3.** § 223(d), 42 U.S.C. § 423(d), reads in pertinent part:

(d)(1) The term "disability" means—
(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months;

. . . . .

(2) For purposes of paragraph (1)(A)—
(A) an individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such

work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence . . ., "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

**4.** § 223(c)(1), 42 U.S.C. § 423(c)(1), defines insured status.

**5.** Simmons testified at the hearing that he takes several pills daily for his pain and nervous condition. He has also undergone some kind of electrotherapy for his muscle spasms. No surgery has ever been performed to correct Simmons' condition and the medical reports indicate that surgery would not be beneficial.

the testimony of a qualified vocational expert, Dr. William D. Nelson, who testified in response to a hypothetical question that if the claimant's impairments were *mild to moderate*, Simmons would be able to engage in a number of sedentary jobs which exist within a 100-mile radius of Silsbee.[6] Dr. Nelson testified further, however, that if Simmons had to rest beyond the normal coffee and lunch breaks during a regular eight-hour day, then in his opinion Simmons could not perform any of the jobs mentioned. Also, if he had difficulty grasping objects or if he tended to drop them, this would curtail his activities in each type of work suggested. Considering the record as a whole, therefore, it is apparent that Simmons is unable to pursue gainful employment at this time, and that the Secretary's denial of benefits is erroneous. Accordingly, we remand the case to the district court so that it may issue an appropriate order directing the Secretary to grant appellant disability benefits in accordance with this opinion.

REVERSED AND REMANDED.

---

**6.** The list of jobs suggested by the vocational expert included: cashier in a self-service gasoline station, ticket seller or change maker, gateman, sandwich maker, food cutter, weigher and packer of spices, filer and sander in the wood industry, filer of cutting tools, waxer of glass products, sorter or inspector of linen or electrical equipment, assembly press operator.

