**Geneva TEW, Plaintiff-Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 80–3949

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Unit A

April 17, 1981.

Rehearing and Rehearing En Banc Denied May 19, 1981.

Laurel G. Weir, Philadelphia, Miss., for plaintiff-appellant.

George Phillips, U.S. Atty., E. Donald Strange, Asst. U.S. Atty., Jackson, Miss., for defendant-appellee.

Before CHARLES CLARK, REAVLEY and WILLIAMS, Circuit Judges.

CHARLES CLARK, Circuit Judge:

The plaintiff appeals from a decision of the district court affirming the Secretary's denial of her application for social security disability insurance benefits. Finding that

the decision of the ALJ was supported by substantial evidence, we affirm.[1]

Geneva Tew sought district court review of a decision of the Secretary of Health and Human Services (Secretary) denying her application for disability benefits provided under the Social Security Act. Plaintiff applied for these benefits, alleging complete disability due to back and respiratory ailments. Plaintiff's application was disallowed at each stage of the administrative process. Both parties moved the district court for summary judgment on the administrative record. The district court granted the Secretary's motion.

The plaintiff, a resident of Meridian, Mississippi, has a high school education and attended one semester of business college. She has an extensive record of employment in skilled and semi-skilled jobs. She has worked on an assembly line in a factory, as a ticket agent in a bus station, as a clerk in a florist shop, and as an insurance agent. She resigned from her last job as a sales clerk in a department store in October 1976 allegedly because of the onset of her disability.

In her application for benefits, plaintiff alleged "right lung trouble" and "back trouble" as the sources of her disability. She was hospitalized under the care of Dr. Med Scott Brown in April 1979. On this occasion, she was admitted for "swelling of the feet and ankles, arthritis in the knees and ankles, indigestion and generalized weakness." The discharge diagnosis revealed an old compression fracture with mild kyphotic deformity, osteoarthritis, and hypoglycemia. Following discharge, plaintiff remained under the care of Dr. Brown who reported in a December, 1979 letter that she had pain in her joints and suffered from a chronic bronchial condition.

Mrs. Tew describes her symptoms as acute, chronic pain through the back, shoulders, and lower neck as well as swelling and pain in her knees and ankles. She testified that, as a result of her orthopedic condition, her mobility is severely limited. She also suffers from persistent shortness of breath and, according to her testimony, has blacked out and coughed up blood on occasion. Plaintiff stated that she could do light housework, shop, and attend church. At the time of the administrative hearing, she was able to walk four blocks and had begun patronizing a health spa for therapeutic purposes.

In the opinion of two treating physicians, the plaintiff is disabled. Dr. Brown, a specialist in internal medicine and cardiology, and Dr. Gus A. Rush, a specialist in obstetrics and gynecology, each stated in letters supplementing medical reports, that plaintiff could not be gainfully employed. However, Dr. James R. Green, an orthopedic surgeon who performed a consultative examination, characterized plaintiff's impairment as mild. His examination record reflected no abnormalities or deformities, and a normal range of motion. In addition, a non-examining physician who evaluated the medical evidence considered plaintiff capable of performing light work.

This court has recently explained the allocation of the burden of proof in a suit such as this. "Clearly the burden rests on the claimant to produce substantial evidence to establish her disability... But just as clearly, once the claimant meets the burden showing that she cannot perform her usual line of work, the burden shifts to the Secretary to show that the claimant is able to perform some other kind of substantial work available in the economy." *Western v. Harris*, 633 F.2d 1204 (5th Cir. 1981) (citations omitted). Here, the Administrative Law Judge stated in a portion of his decision subtitled "evaluation of the evidence": "While claimant has limitation of excessive bending and stooping, claimant

---

1. The presence of a dissent in this summary calendar case should alert attorneys practicing before this court to a change in our local rules. Neither party in this case requested oral argument. Under Local Rule 13.6.4, this indicates the parties' opinion that oral argument is not necessary. Under Local Rule 18.2, when the parties indicate that oral argument is not necessary, the court may consider the case submitted on the briefs. No judge on the summary calendar panel determined that oral argument was necessary.

retains the functional capacity to lift, stand and walk within the functional demands of a women's garment salesperson." The ALJ had before him substantial evidence to support this finding of fact. Part of this evidence was the opinion of a "Review Physician" stating that Mrs. Tew could perform as a woman's garment salesperson, the last job she had held before she asserts she became disabled.

The findings of fact by the Secretary are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). All of the plaintiff's arguments on appeal either challenge the allocation of the burden of proof or assume the plaintiff proved her prima facie case. Our holding that she did not prove she could not do her ordinary work answers these arguments.

Since the ALJ found that Mrs. Tew could perform a job that she had done before, she failed to meet her burden of proof that she could not do her ordinary work. Thus, the decisions of the ALJ, the Secretary, and the district court, are

AFFIRMED.

JERRE S. WILLIAMS, Circuit Judge, dissenting:

My reading of the record in this case makes it impossible to accept the conclusion of the majority that the decision of the administrative law judge is supported by substantial evidence. Under this record, the issue whether there is substantial evidence to support the decision being appealed need not be reached because of specific errors to the prejudice of the claimant which were made in the administrative hearing and decision. Further, because of error, the decision does not meet the substantial evidence requirement.

First. The Court concludes that the ALJ found that Mrs. Tew failed to make a prima facie case of disability. It rests this conclu-

sion on the ALJ's statement that "claimant retains the functional capacity to lift, stand and walk within the functional demands of a women's garment salesperson," holding that this statement constituted a specific fact finding that Mrs. Tew is capable of doing her former work. I am convinced for several reasons that this statement by the ALJ was not a finding of fact but rather was merely part of the ALJ's summary of the evidentiary presentation in this case. The paragraph in which the statement appears relates the findings of the physicians who reviewed Mrs. Tew's medical records in connection with her disability claim. The latter part of the paragraph is an almost verbatim rendition of the important portions of the reports filed by those physicians. Nothing in the relevant passage suggests that the ALJ intended to adopt those findings as his own. Indeed, the Court's holding that the ALJ's statement constituted a finding that Mrs. Tew was capable of doing her former work is in conflict with the ALJ's specific finding that she was qualified only to engage in "sedentary" employment.[1]

Sedentary employment is the lowest classification of employment above total disability in the regulations in terms of exertional requirements. *See* 20 C.F.R. § 404.-1510(b) (1980). Yet Mrs. Tew's former job as women's garment salesperson is classified as "light" work, a category of employment more demanding than "sedentary". *See id.* § 404.1510(c); 2 U.S. Dep't of Labor, Dictionary of Occupational Titles 488 (3d ed.1965). Further, in finding that Tew was not disabled, the ALJ relied on the rules set out in Table 1 of 20 C.F.R., Subpart P, Appendix 2. This table is used to determine whether persons whose work capacity is limited to "sedentary" work are disabled or not disabled. The critical point is that this table is applied only "where an individual with a severe medically determinable

---

1. It is clear that the ALJ made a factual determination that Mrs. Tew was capable only of performing "sedentary" work. That her residual functional work capacity was limited to the "sedentary" category was pointed out three times by the ALJ, and a specific finding to that

effect appears under the section of the ALJ's opinion subtitled "Findings". By contrast, the "finding" cited by the majority does not appear in the "Findings" section of the ALJ's opinion, and nowhere else does the ALJ suggest that Mrs. Tew is capable of doing her former work.

physical or mental impairment(s) is not engaging in substantial gainful activity *and the individual's impairment(s) prevents the performance of his or her vocationally relevant past work.*" 20 C.F.R., Subpart P, Appendix 2, § 200.00(a) (emphasis added). Thus, the ALJ had no authority to use this table at all unless he concluded that Mrs. Tew was incapable of performing her vocationally relevant past work.

Second. There is a conflict of testimony among doctors as to Tew's disability. Two doctors who examined her concluded that she was disabled. One doctor said that she was not. There was an additional doctor who gave an opinion that she was capable of light work based solely upon the documents involved. The majority finds this to be support for a showing of the failure of Tew to make a prima facie case of disability by proving that she was unable to do the work that she had done in the past.

It can only be concluded that she did make such a prima facie case because, as is pointed out above, the administrative law judge concluded that she could engage only in "sedentary" work which was not her prior level of work but was a less demanding level. Certainly this conclusion had to be based upon her evidence, because it was not based upon evidence submitted on behalf of the Secretary.

Once a prima facie case was made, then the burden shifted to the Secretary to prove that there were jobs available which she was capable of filling. *See, e. g., Western v. Harris,* 633 F.2d 1204, 1206 (5th Cir. 1980); *Flowers v. Harris,* 616 F.2d 776, 778 (5th Cir. 1979); *Lewis v. Weinberger,* 515 F.2d 584, 587 (5th Cir. 1975). The ALJ never shifted this burden. There was a total failure on the part of the Secretary to introduce evidence of a vocational nature to show the specific kind of work in which Mrs. Tew could engage. Under its burden, once the prima facie case has been made, the government had to show the kind of work that Mrs. Tew could carry on in the "sedentary" classification. Evidence of vocational possibilities is required.

Third. The administrative law judge took the position that pain cannot be disabling unless "it is associated with relevant abnormal findings." This clear implication that pain cannot be the basis of a disability absent objective medical evidence is contrary to established law. *Benson v. Harris,* 638 F.2d 1355 at 1357 (5th Cir. 1981); *Simmons v. Harris,* 602 F.2d 1233, 1236 (5th Cir. 1979). This conclusion alone invalidates the decision of the administrative law judge. Even accepting the conclusion of the Court that there is substantial evidence in the record to support the ALJ's decision, that conclusion fails because the ALJ relied upon an erroneous principle of law that pain cannot be disabling unless associated with relevant abnormal findings. Mrs. Tew's serious problems with pain were not weighed properly in the balance in determining if she is disabled. Having been based upon an erroneous legal principle, the decision of the factfinder must be reversed.

It must be concluded that the Secretary's determination denying disability benefits, confirmed by the summary judgment of the district court, was lacking in substantial evidence and violated well established legal principles in the disposition of this disability claim. These conclusions are in accord with a similar case involving identical procedural failures decided by this Court January 9, 1981, *Western v. Harris,* 633 F.2d 1204.

This case should be remanded to the district court with direction that the district court remand the case to the Secretary for further proceedings not inconsistent with this opinion.