Troyce WHITE

v.

**Richard SCHWEIKER, Secretary of Health & Human Resources.**

Civ. A. No. 81–098–A.

United States District Court,
M. D. Louisiana.

Oct. 7, 1981.

Gail N. McKay, Capital Area Legal Services Corp., Baton Rouge, La., for plaintiff.

Richard S. Thomas, Asst. U.S. Atty., Baton Rouge, La., for defendant.

JOHN V. PARKER, Chief Judge.

Plaintiff timely instituted this action for judicial review of the final determination of the Secretary of Health & Human Resources as to the plaintiff's disability status and disability insurance and supplemental security income benefits eligibility. The matter is before the Court on cross motions for summary judgment. Plaintiff claims disability on the basis of arthritis, ulcers, cirrhosis, varicose veins, traycardia, alcoholism and depression.

The plaintiff's application, upon initial consideration and reconsideration, was denied. After obtaining a *de novo* determination of his claims by an Administrative Law Judge, the plaintiff sought and obtained an administrative review of that decision before the Appeals Council of the Bureau of Hearings & Appeals, which affirmed.

The Administrative Law Judge determined that the age of the claimant was 62 years, that the claimant had a "limited education", and that the claimant's work history included experience as a maritime cook and part-time painter. The Administrative Law Judge found that the claimant suffered from the following impairments: Laenec's cirrhosis; ethanol abuse; and degenerative joint disease. However, no severe impairment, sufficient to significantly limit the capacity of the claimant to perform basic work-related functions, was found.

In proceedings to review the decision of the Secretary of Health & Human Resources to deny a claimant disability benefits, the scope of judicial review of the district court is limited both by statute and by jurisprudence.

Title 42 of the United States Code, Section 405(g), provides, inter alia, that "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." Under the "substantial evidence" test as developed by the courts, the district court is to uphold the ruling of the Secretary if there is relevant "substantial evidence" in the record taken as a whole, which a reasonable mind could accept as adequate to support the Secretary's findings. *Chaney v. Califano*, 588 F.2d 958, 959 (5th Cir. 1979).

Under the Social Security Act, a claimant is entitled to receive disability insurance benefits or supplemental security income benefits only if the claimant qualifies under the statutory definition of "disability."

Title 42 of the United States Code limits the definition of "disability" under the Social Security Act as follows:

"(d)(1) The term 'disability' means—

(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); see also 42 U.S.C. § 1382c(a)(3)(A).

Title 42 further defines "physical or mental impairment" as ". . . an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3); 42 U.S.C. 1382c(a)(3)(C).

The claimant has the burden of proving his disability. *Demandre v. Califano*, 591 F.2d 1088 (5th Cir. 1979), cert. den. 444 U.S. 952, 100 S.Ct. 428, 62 L.Ed.2d 323 (1979). The Fifth Circuit has stated: "... the claimant shoulders a weighty burden of establishing the existence of a disability within the meaning of the Act." *Simmons v. Harris*, 602 F.2d 1233, 1235–36 (5th Cir. 1979).

Furthermore, it is only if the claimant establishes that he is not currently performing any substantial gainful activity and that he suffers from a severe impairment which prevents him from being able to perform any substantial gainful activity or his previous work that the burden then shifts to the Secretary to show that there is substantial gainful employment activity in the economy which the claimant is capable of performing.

The Administrative Law Judge made the following findings:

"(1) The claimant met the special earnings requirements of the Act in January 1977, the date that he stated he became unable to work, and continues to meet them through at least June 30, 1982.

(2) The claimant has been diagnosed as having the following impairments: Laenac's cirrhosis; ethanol abuse; and degenerative joint disease.

(3) The claimant does not have any impairment or impairments which significantly limit the ability to perform basic work-related functions; therefore, the claimant does not have a severe impairment.

(4) Since the claimant does not have a severe impairment, he was not under a disability as defined in the Social Security Act at any time through the date of this decision."

(Tr. at 12).

The Court concludes that substantial evidence exists which supports the determination of the Administrative Law Judge that "... the claimant does not have a severe impairment...." (Finding No. 4 at Tr. 12).

The claimant was examined primarily by two physicians, Dr. Douglas Davidson and Dr. Hulon Lott. Dr. Davidson treated and examined the claimant from August 1978 to March 1979, including a four-day stay at Baton Rouge General Hospital for treatment of acute ethanolism. Dr. Davidson found that claimant had no nasal discharge, no cough, no trouble breathing, no edema, and no anginal or substernal pain; that claimant had a normal bilirubin, abnormal SMA–16, with liver function tests which were "not greatly abnormal." (Tr. at 88). Within two days of admission to hospital for acute ethanolism, claimant was "almost asymptomatic, feeling good." (Tr. at 88). Yet Dr. Davidson concluded that the claimant was "permanently ·disabled." (Tr. at 134). The Administrative Law Judge found, as does this Court, that Dr. Davidson's conclusion of permanent disability "is not supported by specific and complete clinical findings and is not consistent with other evidence with respect to the severity of the claimant's impairments." (Tr. at 11).

Dr. Hulon Lott was the other primary physician who examined the claimant. Dr. Lott found that the claimant was a "ruddy, healthy appearing male", (Tr. at 126), and the results of a physical examination of the claimant performed by Dr. Lott were mostly normal. Dr. Lott estimated the claimant's residual physical functional capacity to be 55%. (Tr. at 127).

The report of the only other physician in the record, that of Dr. George A. Bishop, states that "... it is my judgment he is disabled...." (Tr. at 135). However, there are no results of medically acceptable clinical or laboratory diagnostic techniques included in the record to support the conclusions of disability made by Dr. Bishop.

For the above stated reasons, the Court finds that substantial evidence exists to support the conclusions of the Administrative Law Judge. Under these circumstances, the Court hereby GRANTS the defendant's motion for summary judgment, and DENIES the plaintiff's motion for summary judgment.