Virginia SANDEEN, Plaintiff,

v.

Richard SCHWEIKER, Jr. Secretary of Health and Human Services, Defendant.

Civ. A. No. H–80–2566.

United States District Court, S. D. Texas, Houston Division.

Oct. 29, 1981.

Donald Dewberry, Houston, Tex., for plaintiff.

Polly Kinnibrugh, Asst. U.S. Atty., Houston, Tex., for defendant.

1. The Social Security Act requires that the disability must be proven to exist during the time that the claimant is insured within the meaning of the special insured status requirements of

MEMORANDUM AND ORDER

SINGLETON, Chief Judge.

This case involves an appeal, pursuant to the Social Security Act, 42 U.S.C. § 405(g), from a decision of the Secretary of Health and Human Services denying plaintiff's claim for social security benefits.

Plaintiff filed her application for disability benefits on July 27, 1979, in which she alleged that she was unable to work because of a broken back. Plaintiff's application was denied administratively, and plaintiff then requested a hearing before the administrative law judge (ALJ). The ALJ found that plaintiff was not disabled within the meaning of the Social Security Act, 42 U.S.C. § 423(d), and denied her claim for social security benefits on September 11, 1980. The Appeals Council approved the ALJ's determination on September 30, 1980, and the plaintiff now seeks judicial review with this court. On June 18, 1981, the defendant Secretary of Health and Human Services filed a motion for summary judgment.

Plaintiff, who is now 62 years old, is a former bookkeeper and payroll clerk. Her work consisted of posting books and ledgers, transferring fees, using the typewriter, calculator, and posting machine. In December 1970, she became unable to work as a result of crushing two vertebra in her back, and she has not worked since that time. Plaintiffs injured status expired on September 30, 1975.[1] Plaintiff filed her application for disability benefits on July 27, 1979. The Secretary determined that, while plaintiff proved a disabling condition as of 1978, she failed to prove that she was disabled on or prior to September 30, 1975 with an impairment lasting for any continuous period of twelve months as is required by the Social Security Act, 42 U.S.C. § 423(d).

From December 1970 through the date of the Secretary's decision, the plaintiff established the following "medically determinable" impairments:

the Act. Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979); 42 U.S.C. §§ 416(i)(3), 423(c)(1). Here, it is agreed that plaintiff's injured status expired on September 30, 1975.

1. In December 1970, plaintiff was diagnosed by Dr. T. J. Clemons as having extertional impairments of a compression fracture L–2 with partial collapse.

2. From December 1970 to February 1971, plaintiff had ultrasound and diathermy treatments under the supervision of Dr. John Hays.

3. In February 1971, plaintiff was diagnosed by Dr. Richard Smith as having generalized osteoporosis and was prescribed a back brace.

4. In February 1971, an x-ray report of plaintiff signed by Dr. Barry Williams showed generalized osteoporosis with a partial collapse at L–2.

5. In February 1971, Dr. Hal Green's final diagnosis of plaintiff was (1) osteoporosis, (2) partial osteoporotic collapse at L–2, and (3) cardiospasm. Dr. Green also noted that plaintiff had severe back pain and she was prescribed codeine.

6. In March 1971, plaintiffs progress report indicated that she was doing well and that the brace was satisfactory.

7. In May 1971, reports again showed she was doing well and new x-rays of the lumbosacral spine showed a "soundly healed vertebrae." She was given the freedom to discard her brace over the next few weeks.

8. In January 1973, the report of Dr. M. Sach showed probable degenerative joint disease of the lumbosacral spine and neck and decreased range of motion with pain on extremes in the neck. Plaintiff was also seen by Dr. W. A. Hibbert, Jr. for chronic proctitis and prolapsed hemmorrhoids and a hemorrhoidectomy.

9. In August 1975, plaintiff was diagnosed with lumbago.

10. In March 1978, an x-ray report showed advanced osteoporosis of the lumbar spine.

11. In August 1979, Dr. M. Damiani diagnosed osteoporosis, diverticulitis, and partial collapse of the lower dorsal spine.

12. In May 1980, plaintiff was diagnosed by Dr. Levine as having back pain associated with osteoporosis and degenerative and osteoarthritic changes in the spine; lumbago; cholelithiasis and urinary tract infection; and, partial collapse at L–2 to L–3 and an abnormal bone scan with lesions at L–1.

In addition to the above-noted "medically determinable" impairments, plaintiff testified that she disagreed with the March 1971 progress report that she was doing well, and she testified that she had experienced excruciating pain and muscle spasms since late 1970 and that since that time she could never resume working. Due to these back pains, she could not get off the bed, bend, or stay in the back brace too long. She used a back brace continuously since 1971, and the back brace itself prevented bending, twisting, and driving. Although she was prescribed Librium, Valium, and Percadan for the pain, she was not able to take this medication due to the adverse side effects. She stated that she was partially bedridden in 1974, although later in that year she felt well enough to apply for a job.

The plaintiff's husband, Mr. William Sandeen, testified that after plaintiff hurt her back, she was unable to move. Because she could not tolerate the drugs given to her for the pain, the pain was prevalent, and he therefore did not think she was capable of returning to work.

The question before this court is whether the final decision of the Secretary that plaintiff was not disabled for a period of twelve consecutive months before September 1975 is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hemphill v. Weinberger*, 483 F.2d 1137, 1139 (5th Cir. 1973) (citing *Breaux v. Finch*, 421 F.2d 687 (5th Cir. 1970)).

■ In order to be eligible for disability benefits, it must be established that a claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or last for a period of not less than twelve months." 42 U.S.C.

§ 423(d)(1)(A). A person is considered to be under a disability if his or her "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 423(d)(2)(A). The Act further defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Even in the absence of objective medical evidence, however, subjective pain can be the basis of a disability. *Western v. Harris*, 633 F.2d 1204, 1206 n. 4 (5th Cir. 1981); *Simmons v. Harris*, 602 F.2d 1233, 1236 (5th Cir. 1979).

The burden in this case rests with the claimant. She must produce substantial evidence to establish her disability and the fact that she cannot perform her usual line of work, and she must prove that this impairment lasted for a period of at least twelve months. *Wilkinson v. Schweiker*, 640 F.2d 743, 744 (5th Cir. 1981); *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Fortenberry v. Harris*, 612 F.2d 947, 949 (5th Cir. 1980); 42 U.S.C. § 423(d)(5). Once she meets this burden, the burden shifts to the Secretary to prove that the claimant is able to perform some other kind of substantial work available in the economy. *Ferguson v. Schweiker*, 641 F.2d 243, 246–47 (5th Cir. 1981); *Lewis v. Weinberger*, 515 F.2d 584, 587 (5th Cir. 1975).

Under the applicable social security regulations, 20 C.F.R. § 404.1502, where the individual is not engaged in any substantial gainful activity, *id.* § 404.1503(b), and where the individual has a severe impairment, *id.* § 404.1503(c),[2] medical considerations alone may justify a finding that an individual is under a disability, absent evidence to the contrary. *Id.* §§ 404.1503(d), 404.1504. Medical considerations that justify such a finding are those impairments listed in an appendix to the regulations (Appendix I), or those that are found to be medically equivalent. *Id.* § 404.1504(a)(2). Arthritis and Osteoporosis, impairments that the claimant in this case is diagnosed as having, are both listed in Appendix I as impairments that will justify a finding of disability, as long as each disorder is found by the Secretary to be of a specific degree of severity. In this case, the ALJ found that the claimant's medically determinable impairments, significant as though they may be, did not, before September 30, 1975, meet or equal the severity of the impairments listed in Appendix I:

> There is no medical evidence prior to 1976 that claimant had ... the requisite arthritis manifested by ankylosis or fixation of the cervical or dorsalumbar spine at 30 degrees or more of flexion measured from the neutral position, together with appropriate x-ray evidence of calcification of the anterior and lateral ligaments or bilateral ankylosis of the sacroiliac joints. [Which is the required degree of severity of arthritis for a finding of a disability under Appendix I]. She did have generalized osteoporosis, shown by x-ray, with pain and limitation of back motion and spasms, but the x-rays did not provide the requisite evidence of multiple fractures of vertebrae or a compression fracture with loss of at least 50 per cent of the estimated height of the vertebral body prior to the compression, etc. [Which is the required degree of severity of osteoporosis for a finding of a disability under Appendix I].

Where the individual is not engaged in substantial gainful activity and the impairment is severe and medical considerations alone do not resolve the issue of disability (that is, where the impairment is

---

2. An impairment is severe if it significantly limits an individual's physical or mental capacity to perform basic work-related functions. 20 C.F.R. § 404.1504(a)(1).

not listed in Appendix I and is not found to be equivalent to any impairment listed), then the regulations provide that the individuals residual functional capacity and the physical and mental demands of his or her past relevant work are to be evaluated. If the impairment does not prevent the individual from meeting the physical and mental demands of past relevant work, no disability will be found under the regulations. Here, the ALJ found that the impairment did not prevent the claimant from meeting the physical and mental demands of her past relevant work: [3]

> Based upon the medical findings and other additional factors, including claimant's description of the impairment and recorded observations of the claimant, an assessment of claimant's residual functional capacity ... reveals that on or prior to September 30, 1975, and during 1974 claimant had the capacity to perform her customary sedentary, semi-skilled work as that term is defined in [the regulations.] [C]laimants ability to perform her former basic work related activities, of her past clerical semi-skilled work, was not significantly impaired on or before September 30, 1975, for any continuous requisite twelve month period.

Thus, the ALJ concluded that, on the basis of medical considerations and vocational factors, the claimant failed to meet her burden of proving the necessary disability.

■ As previously noted, however, even in the absence of objective medical evidence required by the social security regulations, subjective pain can be the basis of a disability. *Western v. Harris*, 633 F.2d 1204 (5th Cir. 1981). With respect to this, the ALJ found that:

> It appears from the weight and preponderance of such credible medical and other evidence and testimony that the pain and discomfort factor was not of such persistence and severity as to be "disabling" on or before September 30, 1975, for twelve consecutive months duration,

but is found to be only of mild to moderate nature generally, with severe episodes occurring only on occasion. The medical impairments are not shown from the medical evidence as a whole to be causing such a severe degree of pain as contended and claimant's complaints are not credible to the extent of establishing a complete inability to perform her former sedentary substantial gainful work due to pain. It is held that in the absence of a medical disorder demonstrating that such pain and discomfort is medically expected to result from her condition, claimant may be found to have failed to carry the burden of demonstrating that the pain is disabling. The mere inability to work without some pain and discomfort of a mild to moderate nature does not necessarily constitute a "disability" for social security purposes. In this case, it appears that despite the pain and discomfort claimant suffers, claimant nevertheless during 1974 and 1975 had the residual functional capacity to perform her former sedentary work. (Citations omitted.)

It is evident from the preceding statement that the ALJ took into consideration subjective pain as a possible disabling force and concluded that the pain was not so severe as to be disabling. It is for the ALJ to determine the disabling nature of the pain and whether the plaintiff is able to work despite some pain, *Laffoon v. Califano*, 558 F.2d 253, 255 (5th Cir. 1977), and the ALJ's decision will be upheld if supported by substantial evidence, *Fortenberry v. Harris*, 612 F.2d 947 (5th Cir. 1980). In this case, the ALJ considered the plaintiff's pain for the years in question, and he determined that the plaintiff was not disabled by pain for twelve consecutive months during these years. Because we find that the ALJ's determination that plaintiff's pain was not of a disabling nature was supported by substantial evidence, we affirm the decision below. Accordingly, it is hereby

---

**3.** If the impairment does prevent the individual from performing any past relevant work, then it must be determined whether the individual's impairment prevents the individual from performing other work. 20 C.F.R. 404.1503(c). It was not necessary to make this determination, since the ALJ found that claimant could perform her past relevant work.

**1258**

ORDERED, ADJUDGED, and DE-CREED that the decision of the Secretary of Health and Human Services be AFFIRMED.