Allen J. POWERS, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health & Human Services, Defendant-Appellee.

No. 83–3537
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Aug. 9, 1984.

Jeffrey Kushner, Fort Myers, Fla., Daniel L. Manring, Columbus, Ohio, for plaintiff-appellant.

Loretta B. Anderson, Asst. U.S. Atty., Tampa, Fla., for defendant-appellee.

Before RONEY, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

Allen Powers appeals the district court's finding that the ALJ's decision to deny him disability benefits was supported by substantial evidence on the record. 42 U.S.C. § 405(g) (Supp. V 1981). Although we too find that the ALJ's determination was supported by substantial evidence, because we find error in the manner in which the ALJ employed the age factor to determine whether Powers could adapt to a new work environment we remand the case to the district court for further proceedings.

I.

Powers, a former press room foreman and superintendent in the newspaper publishing industry, was fifty-two at the time the ALJ filed his decision. He suffers from a variety of physical ailments including mild obesity, controlled diabetes, a removed kidney, and mild to moderate depression. After reviewing all the evidence presented at an administrative hearing, the

ALJ concluded that Powers was not disabled within the meaning of the Social Security Act, 42 U.S.C. § 301 et seq. (Supp. V 1981) (the Act).

Powers claims that uncontroverted evidence in the record showed that he suffered from a severe psychological impairment, that this impairment resulted in a signficant non-exertional limitation to perform gainful work, that therefore the ALJ was incorrect in applying the tables contained in 20 C.F.R. part 404, subpart P, app. 2 (1983) (the grids), and that Powers is in fact disabled.

 Our review is limited to a determination of whether the ALJ applied the correct legal standard, and whether the findings of fact are supported by substantial evidence in the record. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Western v. Harris*, 633 F.2d 1204 (5th Cir. Unit A 1981). Our review of the record convinces us that both questions must be answered in the affirmative. The ALJ based his conclusion that Powers' psychological problems did not impair significantly his ability to engage in gainful work on Powers' treating physician's report. Although Powers submitted evidence to the contrary, when there is credible evidence on both sides of an issue it is the Secretary, acting through the ALJ, and not the court, who is charged with the duty to weigh the evidence and to determine the case accordingly. *Richardson*, 402 U.S. at 389–403, 91 S.Ct. at 1426–27. Since the Secretary's decision is supported by substantial evidence we must affirm the district court on this issue.

## II.

The final issue we address is one not raised by Powers. In *Broz v. Schweiker*, 677 F.2d 1351 (11th Cir.1982), *vacated and remanded sub nom., Heckler v. Broz*, —— U.S. ——, 103 S.Ct. 2421, 77 L.Ed.2d 1311 (1983), *adhered to*, 711 F.2d 957 (11th Cir. 1983), *modified*, 721 F.2d 1297 (11th Cir. 1983), this court held that the grids that the Secretary had adopted could not be applied in a mechanical fashion with respect to age.

The grids purport to determine whether a claimant is disabled as a result of an inability to "adapt" to a new work environment as a consequence of age, education, previous work experience, and residual functional capacity. The grids divide all claimants into five age categories: "closely approaching retirement age," 60–64; "advanced age," 55–59; "closely approaching advanced age," 50–54; "younger individual I," 45–49; and "younger individual II," 18–44.

We determined in *Broz I* that the impact of age on the ability to "adapt" was not properly a legislative fact, but was rather an adjudicative fact which requires an individually focused determination. 677 F.2d at 1360. At that time we expressly declined to decide how this adjudicative determination was to be conducted. *Id.* at 1361. In *Reeves v. Heckler*, 734 F.2d 519 (11th Cir.1984) we set forth the procedure the ALJ should follow.

Under the statutory scheme, once a claimant has proven that he can no longer perform his past relevant work, the burden shifts to the Secretary to prove the claimant can perform substantial gainful activity that exists in the national economy. 677 F.2d at 1355. In discharging this burden, the Secretary may use the age factor as applied in the grids as evidence of the claimant's ability to adapt to a new work environment; but this age factor shall not be conclusive. *Reeves* at 525.

If the claimant proffers substantial credible evidence that his ability to adapt is less than the level established under the grids for people his age, the Secretary cannot rely on the age factor of the grids and must establish the claimant's ability to adapt to a new work environment by independent evidence. *Id.*

 In this case we have a fifty-two year old man, who if he were fifty-five and hence were in the category of "advanced age," would, on the basis of the grids alone, be determined to be disabled. On remand the district court should give Powers an opportunity to proffer evidence of

his ability to adapt. If Powers presents substantial evidence that an ALJ could find credible tending to show that his ability to adapt to a new work environment is less than the level established under the grids for persons his age, the district court shall remand the case to the Secretary and direct that the Secretary reconsider the age/ability to adapt issue in the manner we have set forth above and in *Reeves*. If the claimant cannot make such a proffer, the ALJ's application of the age grids would be harmless; there would be no need for the Secretary to reconsider her determination of Powers' eligibility for benefits, and the district court should simply affirm.

### III.

VACATED and REMANDED to the district court for further proceedings consistent with this opinion.