Nettie L. LYNN, Plaintiff,

v.

Richard L. SCHWEIKER, Secretary of Health and Human Services, Defendant.

Civ. A. No. H–81–2554.

United States District Court, S.D. Texas, Houston Division.

March 9, 1983.

*Whitney,* 100 Ill.App.2d 116, 241 N.E.2d 533 (1st Dist.1968), *rev'd in part on other grounds,* 41 Ill.2d 105, 251 N.E.2d 242 (1969).

**266**

Willie J. Rhodes, Houston, Tex., for plaintiff.

Jose A. Berlanga, Houston, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

McDONALD, District Judge.

Pending before the Court is the Defendant's Motion for Summary Judgment and the Plaintiff's Cross-Motion for Summary Judgment, filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Plaintiff brought this action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (1976), seeking judicial review of a final decision of the Secretary of Health and Human Services. As both parties agree that there is no genuine issue of material fact, the issue to be decided is whether the decision of the Secretary to deny the Plaintiff disability benefits under Sections 216(i) and 223 of Title II of the Act, 42 U.S.C. §§ 416(i) and 423, is supported by substantial evidence in the record and thus whether the Defendant or Plaintiff is entitled to judgment as a matter of law.

The Plaintiff applied for disability insurance benefits on April 15, 1980, alleging she had become disabled the previous year by a back injury and surgery involving a spinal fusion and bone graft. The Plaintiff's claim was denied initially and on reconsideration by the Administrator. On the Plaintiff's request, her claim was considered de novo at a hearing before an administrative law judge on March 4, 1981. The administrative law judge held that the Plaintiff, while unable to return to her previous work, was capable of other kinds of substantially gainful activity available in the national economy, and as such was not dis-

abled under the Social Security Act (Record at 13, 14). On July 29, 1981, the Appeals Council approved the administrative law judge's decision, whereupon his decision became final and the Plaintiff perfected this appeal.

The Plaintiff has a history of back trouble, having undergone a lumbar laminectomy in 1970 that left her with a permanent impairment of ten percent. On April 30, 1979, Plaintiff sustained the injury that is the subject of the present claim for disability benefits. While at her job as a food service worker, the Plaintiff slipped and fell, injuring her back. Tests showed a ruptured disc, spinal stenosis, and instability of a spinal segment. On August 6, 1979, a bilateral spinal fusion was performed by means of a graft of bone taken from the Plaintiff's hip (Record at 98, 99).

The medical records show that from the time of her surgery in August 1979 until late May 1980, the Plaintiff was seen and examined regularly by the two physicians who performed her surgery: Dr. Donovan, an orthopedic surgeon, whom the Plaintiff saw ten times; and Dr. Barrash, a neurosurgeon, whom the Plaintiff saw twice (Record at 93–97, 114, 117). On every visit, the Plaintiff complained of pain in the lower back and hip and expressed a variety of other problems, including numbness in the legs and inability to walk, drive, sit, or stand without great discomfort. The reports on these visits by Drs. Donovan and Barrash were presented in evidence at the hearing before the administrative law judge and were considered by him along with the Plaintiff's testimony and reports by non-examining agency physicians.

In reviewing the decisions of the Secretary, the Court must determine whether there is substantial evidence in the record as a whole to support them and, if it finds such support, must affirm his decision. 42 U.S.C. 405(g) (1976); *Allen v. Schweiker*, 642 F.2d 799 (5th Cir.1981). Substantial evidence is defined as "more than a mere scintilla," yet it need only be "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rich-*

*ardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

However, it is not the Court's role on judicial review merely to rubber-stamp the decisions of the Secretary. It must scrutinize the record in its entirety to determine the reasonableness of the decision reached. *Simmons v. Harris,* 602 F.2d 1233, 1236 (5th Cir.1979). While the Secretary's findings of fact are conclusive if supported by substantial evidence, no similar presumption of validity attaches to the Secretary's conclusions of law, including determinations of the proper standards to be applied in reviewing claims and the proper allocation of the burden of proof. *Western v. Harris,* 633 F.2d 1204 (5th Cir.1981).

Disability is defined in the Social Security Act as:

> . . . inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted . . . for a continuous period of not less than 12 months.

42 U.S.C. §§ 416(i)(1), 423(d)(1)(A) (1976). Physical or mental impairment is defined as:

> . . . an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

42 U.S.C. § 423(d)(3) (1976).

In a claim for disability benefits, the claimant has the burden of producing substantial evidence that her impairment, lasting longer than 12 months, prevents her from performing her usual line of work. Once the claimant has made such a showing, the burden shifts to the Secretary to show that the claimant is able to perform some other kind of substantial work available in the national economy. *Western v. Harris,* 633 F.2d at 1206.

In the instant case, the administrative law judge himself found that the Plaintiff had met her burden of proof by showing that she was unable to return to her former work as a laundry or food service worker

(Record at 13, 14). The Court finds that this portion of his decision is based on substantial evidence, namely: the Plaintiff's testimony as to her pain and difficulty functioning; her complaints to her doctors, consistent with this testimony; and Dr. Donovan's assessment of the Plaintiff's total disability as twenty-five percent (Record at 33, 34, 48, 49, 93–97, 114–117).

The question the Court turns to, then, is whether the Secretary carried his own burden of proof, that is, whether he produced substantial evidence to support the finding by the administrative law judge that the Plaintiff is capable of light or sedentary work (Record at 13, 14). Under the regulations, the administrative law judge assesses the claimant's "residual functional capacity" based on medical and other evidence as to the claimant's physical and mental abilities. He then combines this assessment with information on the claimant's age, education, and previous work experience in order to determine whether the claimant is capable of other work available in the national economy. 20 C.F.R. §§ 404.1545, 1546, 1560, 1561.

Having carefully reviewed the record, this Court must reverse the administrative law judge's finding that the Plaintiff is capable of performing light and sedentary work. First, the administrative law judge made an error of law in disregarding the Plaintiff's testimony of disabling pain. Second, the medical records on which he based his conclusions do not constitute substantial evidence.

 Judgment as to the credibility of a claimant's testimony is the province of the administrative law judge, *Simmons v. Harris,* 602 F.2d at 1236, as is the factual determination whether the claimant's pain prevents her from working, *Fortenberry v. Harris,* 612 F.2d 947, 950 (5th Cir.1980). However,

> Where [fact findings] turn on credibility choices concerning things as elusive as the truthfulness of subjective symptoms and complaints, the Examiner's report should afford some indication of the choices made and the basis for them.

*Hayes v. Celebrezze,* 311 F.2d 648, 654 (5th Cir.1963). An administrative law judge may not ignore a claimant's testimony as to her pain, for symptoms real to the claimant yet unsupported by objective medical data may support a disability claim. *DePaepe v. Richardson,* 464 F.2d 92, 99 (5th Cir.1972). The rule is that the administrative law judge must consider the claimant's testimony that he or she is in pain and must weigh it against other evidence showing nonimpairment. *Gaultney v. Weinberger,* 505 F.2d 943, 945–946 (5th Cir.1974).

The Plaintiff testified that she had constant pain in her back and hip and that this pain kept her from standing and sitting for long periods of time, walking any significant distance, and doing light housework (Record at 33, 34, 38, 49). This testimony was consistent with her statements to her doctors the previous year—statements made outside the context of her claim for benefits (Record at 93–97, 114–117). The administrative law judge, however, found the Plaintiff's testimony "not credible and convincing." (Record at 13) He found that her pain was "intermittent and mild to moderate in nature" and not disabling; that the Plaintiff was able to carry up to ten pounds frequently and twenty pounds occasionally; and that she was able to stand, walk, or sit for eight hours at a time (Record at 12).

The administrative law judge's explanation for finding the Plaintiff's complaints not credible and convincing is needlessly vague and insufficient as a ground for disregarding her testimony. He indicated that he found the Plaintiff's testimony was not credible on the basis of her "assertions, manner, appearance, and signs." (Record at 12) Physical appearance clearly is not the standard to be used in making disability determinations. The fact that Plaintiff appeared outwardly "well-developed, well-nourished," as her doctor describes her (Record at 101), cannot negate Plaintiff's testimony concerning her impairment. *See Williams v. Finch,* 440 F.2d 613, 616 (5th Cir.1971).

The Plaintiff's complaints are not without confirmation in the medical records. The Defendant points to regulations that suggest that a claimant's testimony will not be found credible unless medical signs or findings show that there is a medical condition that could reasonably be expected to produce the claimant's symptoms. 45 Fed. Reg. 55, 589 (1980) (to be codified as 20 C.F.R. § 404.1529). Yet, the records do describe a medical condition that might reasonably produce such symptoms: the Plaintiff, after all, suffered a serious injury causing spinal damage and underwent major surgery involving the fusion and grafting of bone. The reports include results of diagnostic tests—the leg raising tests—that confirm the Plaintiff's testimony as to her pain (Record at 93). In addition, Dr. Barrash notes "exquisite tenderness at the donor site," referring to the Plaintiff's hip, from which bone was taken for the bone graft (Record at 114).

Suggestions by the Plaintiff's attending physicians that her pain is psychosomatic cannot negate her testimony. Dr. Donovan's observation that the Plaintiff's symptoms changed from day to day (Record at 97) is doubtful because he did not in fact see the Plaintiff on a daily basis, but only bi-weekly (Record at 93–97). Dr. Barrash's "suspicion" that the Plaintiff's problems are "supratentorial in origin" is merely speculative (Record at 117). But most important, neither Dr. Donovan nor Dr. Barrash are qualified to speak to the question of the possible mental causes of the Plaintiff's pain, for they are not psychiatrists. *See Davis v. Califano,* 599 F.2d 1324, 1326–27 (5th Cir.1979)

Thus, the administrative law judge was in error in failing to consider the Plaintiff's testimony. In addition, his finding that the Plaintiff is capable of light and sedentary work is not supported by substantial evidence. The reports of Drs. Donovan and Barrash are rambling and inconclusive, devoted largely to the results of "straight-leg raising tests," with no indication as to implications for the Plaintiff's functional capacity. In addition, there are other observations the relevance of which is unclear: Dr. Barrash's comment that he could feel no muscle spasm due to the Plaintiff's obesity; his observation that the Plaintiff had "good reflexes" but "difficulty in flexing"; and his opinion that Plaintiff's problems were "local." (Record at 114, 117). The administrative law judge cites all these remarks in his opinion, but does not make clear their relationship to his findings. He also quotes Dr. Donovan's observation that the Plaintiff's wound was well-healed, that the bone graft was well-placed, that there was no evidence of swelling, and that the Plaintiff's recovery was "slow but progressive." (Record at 10, 11, 93–97). While these are indeed good signs, it must be remembered that the doctor was speaking of a patient who had experienced a serious injury and major surgery. In the absence of clear statements by the doctors as to the Plaintiff's physical capacity, their observations cannot be taken to support a conclusion that the Plaintiff is capable of light and sedentary work. The Court holds that the evidence in the reports of the Plaintiff's attending physicians is "equivocal and contradictory [and] does not rise to the level of substantial evidence." *Jackson v. Richardson,* 449 F.2d 1326, 1330 (5th Cir.1971). In holding these reports insubstantial, the Court follows the Fifth Circuit in *Hayes v. Celebrezze,* 311 F.2d at 653. In that case, Judge John K. Brown held that reports of objective medical findings, without conclusions as to the claimant's fitness for employment and unaided by explanatory testimony, were inadequate to support the agency's decision.

In the evidence before the administrative law judge, the Plaintiff's capacity for work is only addressed in the reports of the agency physicians, who never examined the Plaintiff (Record at 64–66, 69–71). It is apparent that the administrative law judge drew his findings as to Plaintiff's capacity for sitting, standing, walking, lifting, and carrying directly from the checklists completed by these doctors.

■ The case law on Social Security appeals is full of doubt as to the value of reports by such medical advisors. Their findings are accorded little weight where there is evidence to the contrary in the form of subjective testimony and reports by examining physicians. *Hayes v. Gardner*, 376 F.2d 517, 520–21 (4th Cir.1967); *Mefford v. Gardner*, 383 F.2d 748, 759–60 (6th Cir.1967). In his dissent in *Richardson v. Perales*, Justice Douglas remarked on "the use of circuit-riding doctors who never see or examine claimants to defeat their claims" as "beneath the dignity of a great nation." He continued:

> The use by HEW of defense doctors without submitting them to cross-examination is the cutting of corners ... barred by the rules which Congress has provided.

402 U.S. at 413, 414, 91 S.Ct. at 1433.

The majority in *Perales* held only that it was appropriate to accept the advisor's opinion when it did not differ from the reports of examining physicians. The majority defined the role of medical advisors as helping the lay examiner understand the medical evidence. 402 U.S. at 408, 91 S.Ct. at 1430. The medical advisors consulted in the case at bar did not clarify the evidence but merely parroted the inconclusive statements of the treating physicians and completed a simple checklist. This Court has already held that the reports of the Plaintiff's doctors do not constitute substantial evidence of her ability to do light and sedentary work. Consequently, the reports of the medical advisors, based solely on the equivocal reports of the Plaintiff's doctors, also fail to support the administrative law judge's conclusion. Thus, the Court follows the example set by another district court in holding that the opinion of a non-examining doctor, standing alone, does not constitute substantial evidence. *Ehrenreich v. Weinberger*, 397 F.Supp. 693, 697 (W.D.N.Y. 1975).

To summarize, the Court finds that the decision of the administrative law judge is not supported by substantial evidence in the record as a whole. The reports of the Plaintiff's attending physicians are inconclusive as to the source of the Plaintiff's pain, its seriousness, and its impact on her ability to function, and are not substantial evidence. The reports of the agency physicians, based solely on the attending physicians' insubstantial reports, also do not constitute substantial evidence. Moreover, the administrative law judge erred in his application of the law in disregarding the Plaintiff's subjective evidence. The Plaintiff's testimony had some support in the medical records; and neither her appearance nor the comments of non-psychiatrists as to possible psychological origins of her pain are sufficient to negate her testimony.

The Plaintiff met her burden of proof in showing that she could not return to her usual line of work. Since the Secretary failed to produce substantial evidence that she could perform other work, the Court finds that the Plaintiff is disabled under the Social Security Act and entitled to judgment as a matter of law.

Therefore, it is ORDERED, ADJUDGED, and DECREED that the Defendant's Motion for Summary Judgment is DENIED and the Plaintiff's Cross-Motion is GRANTED.

It is FURTHER ORDERED, ADJUDGED, and DECREED that the Defendant commence paying the Plaintiff full benefits, including benefits retroactive to the date of her disability.

The Clerk shall file this Order and provide a true copy to counsel for all parties.