**Charles McDONALD, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary, U.S. Department of Health and Human Services, Defendant.**

**Civ. No. 83–0461 P.**

United States District Court,
D. Maine.

Aug. 8, 1984.

R. Michael Martin, Law Offices of Barry J. Hobbins, Saco, Maine, for plaintiff.

Paula D. Silsby, Asst. U.S. Atty., Portland, Maine, for defendant.

## MEMORANDUM OF DECISION

GENE CARTER, District Judge.

This is an action under 42 U.S.C. §§ 405(g), 1383(c)(3) for review of the final decision of the Secretary of Health and Human Services, which denied Plaintiff's application for a period of disability and for disability insurance benefits under 42 U.S.C. §§ 416(i) and 423. Before the Secretary's decision became final, benefits were denied to claimant both by an administrative law judge (ALJ) and the Appeals Council, which reviewed the decision of the ALJ and other materials submitted. Claimant has exhausted his administrative remedies. After entry of a default order by this Court, the Secretary filed, as part of her answer, a certified copy of the transcript of the record including the evidence upon which the findings and decisions were based. Plaintiff filed a motion for summary judgment and Defendant filed a motion for an order affirming the decision of the Secretary.

The standard of this Court's review is whether the determination made by the ALJ is supported by substantial evidence. 42 U.S.C. § 405(g); *Lizotte v. Secretary of Health and Human Services*, 654 F.2d 127, 128 (1st Cir.1981). The determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusions drawn. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). The Court has thoroughly reviewed the transcript of the administrative proceedings, the exhibits presented and the briefs of counsel. After careful consideration, the Court finds that there is not substantial evidence to support the Secretary's decision that claimant was not disabled within the meaning of the Social Security Act.

Claimant filed an application for a period of disability beginning in November 1981. The ALJ found that claimant has the following impairments: "hypertension under good medical control, right frontal and ethmoid sinusitis successfully treated, ureteral calculi successfully treated, hemorrhoids and rectal prolapse successfully treated, and status post left adrenalectomy."

The gravamen of claimant's claim is not that these impairments per se are disabling but rather that he suffers from severe abdominal pain along the incision of

his adrenalectomy which prevents him from working. The ALJ addressed claimant's pain finding that:

> [t]he claimant's subjective complaints of left-sided abdominal pain are not credible because there is no medically determinable impairment, as demonstrated by medically acceptable clinical or laboratory diagnostic techniques, signs, or findings, which could reasonably be related, or could reasonably be expected to produce such subjective complaints in the degree of severity complained of.

This finding is not supported by the evidence. Claimant's testimony of incapacitating pain was confirmed by his treating physician, Dr. Botler. On November 9, 1982, Dr. Botler described claimant as "totally disabled," and stated further that he would "remain that way for an indefinite period of time until his pain resolves." Dr. Botler predicted a minimum of six months before any work capability was likely. Ex. 29. In a letter dated January 25, 1983, Dr. Botler reiterated that claimant suffered from debilitating superficial and deep pain that was genuine and of medical rather than psychogenic cause.

> His superficial pain seems clearly related to retained sutures and their resultant irritation of cutaneous nerves.... An exact medical cause for his pain, for example, colonic obstruction, tumor, etc., cannot be ascertained but there is no doubt in my mind that his pain syndrome is clearly secondary to his surgery and is organic in etiology.

Dr. Botler described the removal of some internal sutures, which seemed temporarily to relieve the pain, but noted claimant's requirement for high dosages of narcotic analgesics even following their removal. Having performed extensive study of the cause of the pain, Dr. Botler expressed the opinion that "further study and particularly surgical intervention would likely only exacerbate his syndrome." Ex. 34.

At the hearing, the ALJ asked the medical advisor, Dr. Steele, who had not treated or examined claimant, whether there was anything in the record to show a causal relationship between the pain and the claimant's physical condition. Dr. Steele replied that there was nothing other than the incision. Tr. 95. The ALJ then asked if the pain alleged by claimant could reasonably be expected because the sutures were taken out. To this, Dr. Steele replied:

> Your Honor, retaining sutures is sometimes—will become painful. Usually the pain clears up when they are removed. He has all of them out and there is still something in there and deep in the incision. I wouldn't be able to advise you about that. The doctors haven't seemed fit to explore that area where they work out but have not found any so far. [sic]

Tr. 95.

The colloquy between the ALJ and Dr. Steele continued:

> Q Now if there is no condition there, doctor, why would he be required to take eight to ten Perocet a day?
>
> A Your Honor, I didn't mean to imply there are any—
>
> Q No, I understand that.
>
> A The pain he has that may be causing that has not been identified. [sic]

Despite the poor quality of the transcription, it is clear that Dr. Steele is not suggesting that there is no medical cause of claimant's pain. He seems to agree with Dr. Botler that there is a cause ("there is still something in there and deep in the incision") but that it has yet to be specifically identified.

In direct contradiction to the evidence presented by Dr. Steele and Dr. Botler, the ALJ discounted claimant's complaints of pain as being merely subjective, stating that

> there is no demonstrable anatomical abnormality which has been shown by medically acceptable clinical or laboratory diagnostic techniques, signs or findings as a cause for such symptomology .... Accordingly, it is the finding and decision of the undersigned Administrative Law Judge that the claimant's condition has not significantly limited his

physical and mental ability to do basic work activities . . . .

Tr. 21.

Although the ALJ finds that claimant has not met the requirements of the regulations, it seems clear that he misread those requirements. Although §§ 404.-1508, 404.1529, 416.908, and 416.929 of Title 20 C.F.R. require that the impairment be established by medical evidence consisting of signs, symptoms and laboratory findings rather than just the claimant's statement of his symptoms, claimant's pain has been so established. Dr. Botler's reports make it clear that claimant has a severe pain syndrome with an organic basis which has been confirmed by several independent medical observers, including himself. Ex. 34. Dr. Botler states that the pain syndrome is clearly secondary to the adrenalectomy and its incision, that is, that it followed from it. Thus, while the cause of the pain is not specifically determined, its relationship to a medical condition is determinable. Dr. Botler's assessment is not disputed by Dr. Steele, who testified that the incision seemed to be the cause of the pain in an as yet unspecified manner.

Thus, the records do describe a condition that might reasonably produce claimant's medically documented pain. *See Lynn v. Schweiker,* 565 F.Supp. 265 (S.D.Tex.1983). More specific evidence of a direct causal relationship between a physical impairment and the claimant's subjective impairment need not be produced. *Northcutt v. Califano,* 581 F.2d 164 (8th Cir.1978).

■ The ALJ's finding that claimant does not have any impairment that significantly limits his ability to perform basic work related functions is also unsupported by the evidence. The evidence before the ALJ on this issue consisted of Dr. Botler's reports to the effect that claimant would be totally disabled with no work capability until his pain resolves, which in November 1982 the doctor predicted would require a minimum of six months. Ex. 29. This assessment confirmed claimant's testimony, and that of his witnesses, that he is unable to perform work activities because

of his pain. The medical advisor, Dr. Steele, did not offer any opinion on the effect of claimant's pain on his ability to do work and the ALJ did not cite any instances from his perceptions of claimant or from the testimony that demonstrated any work capability on the part of claimant. Rather, the ALJ found claimant's pain not to be severe merely because of his mistaken conclusion that the pain was not related to a medically demonstrable impairment.

Since the findings of the ALJ are not supported by substantial evidence, the Court hereby ORDERS that his determination that claimant is not suffering from a severe impairment must be REVERSED.

Accordingly, it is FURTHER ORDERED that this case be REMANDED to the ALJ for completion of the evaluation in process to determine whether or not this claimant is disabled.

So ORDERED.