**Mily T. YOUNG, Plaintiff-Appellant,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 78–2280**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Oct. 6, 1978.

Barrs, Melendi, Williamson & Levens, William P. Levens, Tampa, Fla., for plaintiff-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Judy Schropp Rice, Asst. U. S. Atty., Tampa, Fla., for defendant-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

PER CURIAM:

Plaintiff Mily T. Young appeals the district court's affirmance of the decision by the Secretary of Health, Education and Welfare ("Secretary") denying plaintiff disability insurance benefits under Title II of the Social Security Act ("Act"). 42 U.S.C.A. § 401 *et seq.* Plaintiff asserts that her spinal ailment, arthritis and attendant depression and anxiety constitute a "disability" within the meaning of the Act[1] and contends that the Secretary's contrary finding was not based on substantial evidence. Our review of the record shows that the Secretary's decision is supported by substantial evidence and we therefore affirm the order of the lower court.

The decision of the administrative law judge stands as the Secretary's final decision in this case.[2] The judge found that a "mild to moderate degree" of degenerative spinal disease made plaintiff "unable to perform medium or heavy labor or work requiring frequent bending, prolonged sitting, or substantial lifting." However, he concluded that plaintiff's "residual physical and mental capacity, age, education and vocational background" left her "able to perform jobs of the type she has performed, is qualified to perform or can readily be trained to perform." The judge therefore found that plaintiff did not suffer a disability within the meaning of the Act.

▪▪▪ In appeals from determinations of disability under the Act, the sole question before the court is whether the Secretary's decision is supported by substantial evidence.[3] *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Knott v. Califano,* 5 Cir. 1977, 559 F.2d 279, 280. In reaching his decision in this case, the administrative law judge weighed conflicting medical opinions with regard to plaintiff's physical and mental condition. Though two treating physicians asserted that she was disabled, two other doctors who examined plaintiff did not reach that conclusion. One reported that "no real explanation for her cervical spine pain has been elicited." The other examining doctor found "nothing in her spine that required a myelogram or surgery." Moreover, this physician observed that plaintiff "is one of these individuals that enjoys having her complaints" and suggested that "probably until this lady receives her Social Security, nothing is going to benefit her." In light of the foregoing medical opinions, we cannot say that the Secretary's decision to deny plaintiff disability benefits is unsupported by substantial evidence. Accordingly, we affirm the district court's order and judgment dismissing plaintiff's claim.

AFFIRMED.

---

1. 42 U.S.C.A. § 423(d) defines "disability" as:

     (1)(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; . . .

     (2) For purposes of paragraph (1)(A)—

     (A) an individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .

     (3) For purposes of this subsection, "a physical or mental impairment" is an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

2. The administrative law judge issued his decision on February 17, 1977. On April 27, 1977 the Appeals Council of the Social Security Administration informed plaintiff of its conclusion that the judge's decision was correct and would therefore "stand[ ] as the final decision of the Secretary in your case."

3. The Supreme Court has defined "substantial evidence" as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938).