Lucy D. FLOWERS, Plaintiff-Appellant,

v.

Patricia R. HARRIS, Secretary of Health and Human Resources, Defendant-Appellee.

No. 79–3529
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 5, 1980.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Kenneth Thompson, Bainbridge, Ga., for plaintiff-appellant.

Gregory J. Leonard, Asst. U. S. Atty., Macon, Ga., for defendant-appellee.

Before HILL, GARZA and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

The Appellant attacks a decision of the Secretary of Health and Human Resources denying her disabled widow's benefits, disability insurance benefits and social security income benefits under 42 U.S.C. §§ 416, 423 and 1382, respectively. The district court affirmed the Secretary's decision.

The Appellant is a 52 year old black woman who completed the third grade and possesses a well below average intelligence. She has been employed as a farm laborer, a maid, a clerk and a delivery truck driver. In November of 1973, she ceased working due to complaints of dizziness, blackout spells, an inner ear infection and an inability to stoop. She sought and received both disability insurance benefits and social security income benefits in 1973. In November of 1976, all benefits were terminated on the ground that Appellant was no longer disabled as defined under the above mentioned provisions of the Social Security Act.

On June 13, 1977, she reapplied for disabled widow's disability insurance and social security income benefits. She also attacked the termination of her disabilities in 1976. The claims were denied by the Social Security Administration. Appellant then sought and received a hearing before an administrative law judge of the Bureau of Hearings and Appeals of the Social Security Administration. At that hearing, the Appellant testified that she was unable to work due to dizziness caused by an inner ear infection, blackout spells, hypertension, nerves, a hiatal hernia, varicose veins and a blood clot in her right leg. The only other witness at the hearing was Gladys Powell, a friend of Appellant for over thirty years. Powell informed the administrative law judge that, although she had never seen the Appellant suffer a blackout, she had assisted Appellant a number of times after such blackouts.

Outside the above testimony, there were a number of medical and psychological reports. In 1974, Dr. William Threlkeld, a psychiatrist and neurologist, reported that Appellant suffered from severe anxiety reaction and a hyperventilated syndrome. He deduced that Appellant suffered from a psychoneurosis that amounted to an impairment of 50 to 95%. On June 11, 1975, Dr. Don Driggs, a clinical psychologist, concluded that Appellant suffered from a functional nonpsychotic disorder with recurrent and persistent periods of anxiety, tension and apprehension. Dr. Driggs also saw signs of

an impending functional psychotic disorder, schizophrenic reactions with psychomotor disturbances. In August of 1976, Dr. R. C. Richardson noted that Appellant suffered from intermittent ear infection with vertigo. His only recommendation, though, was that Appellant would be able to manage her funds if they were awarded.

In December of 1976, Dr. Driggs stated that Appellant's personality test results showed substantial improvement since his report in 1975. Dr. Driggs no longer feared the impending functional psychotic disorder. On June 7, 1977, Dr. Ismael Montes, Appellant's attending physician, stated that Appellant should avoid any heavy lifting.

On January 21, 1978, Dr. Steve Couvillion, a clinical psychologist, examined Appellant. The case had been referred to him by the Social Security Administration in order to determine Appellant's social security eligibility. He diagnosed Appellant's intelligence to lie in the borderline mental retardation stage. He concluded that Appellant was not permanently disabled for psychological reasons. Dr. Couvillion did state, however, that the combination of Appellant's medical problems and low level of intellectional functioning "makes job placement highly unlikely."

Finally, Dr. Montes stated on August 10, 1978, that because of Appellant's hypertension and a possible chronic cholecystitis, the Appellant is unable to perform any gainful working activity. Again on September 22, 1978, Dr. Montes reiterated his belief that Appellant could engage in no kind of substantial gainful employment. Dr. Montes also stated that if benefits were denied, considering Appellant's age, physical and mental impairments, education and work experience, she would probably be required to perform physical type work which could result in a fatal outcome.

■ This court's review in the present case is exceedingly limited. This court's only function is to determine whether there is substantial evidence in the record to support the conclusion of the Secretary of Health and Human Resources. *Demandre v. Califano*, 591 F.2d 1088, 1091 (5th Cir.

1979); 42 U.S.C. §§ 405(g), 1383(c)(3). We may not reweigh the evidence or substitute our judgment for that of the Secretary's. *See Rhynes v. Califano*, 586 F.2d 388, 390 (5th Cir. 1978).

■ The burden is upon the claimant to establish the existence of a disability. *See White v. Harris*, 605 F.2d 867, 869 (5th Cir. 1979). In the present case, the definition of "disability" is virtually identical for both disability insurance and social security income benefits. The disability is defined as an inability

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months [.]

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

■ If the above burden is met, the burden then shifts to the Secretary to show that the claimant is capable of engaging in some substantial gainful activity. *See Knott v. Califano*, 559 F.2d 279, 281 (5th Cir. 1977). Although we are restricted to a narrow review, that does not prohibit this court from scrutinizing the record in its entirety to determine the reasonableness of the Secretary's decision. *See Simmons v. Harris*, 602 F.2d 1233, 1236 (5th Cir. 1979). We are also aware that conflicting evidence is to be determined by the administrative law judge, and his resolution will stand unless there is not substantial evidence to support it. *See Young v. Califano*, 581 F.2d 549, 550 (5th Cir. 1978).

■ In the present case, however, the evidence, rather than conflicting, is supportive of Appellant's claim. There is Appellant's own testimony plus the testimony of her friend, Gladys Powell, that Appellant suffers from a disability which prevents her from performing substantial gainful activity. There is also the report from Appellant's physician, Dr. Montes, that she is unable to perform substantial gainful activity. The court realizes that a claimant's objective symptomology is not always con-

.clusive. *See Rhynes v. Califano,* 586 F.2d at 390. The court is also aware that a doctors' reports which are unsubstantiated by any clinical or laboratory findings, as are Dr. Montes' reports, do not necessarily satisfy claimant's burden. *See Kirkland v. Weinberger,* 480 F.2d 46, 49 (5th Cir. 1973), *cert. denied,* 414 U.S. 913, 94 S.Ct. 255, 38 L.Ed.2d 155 (1973).

However, in addition to the foregoing two elements in the present case, there is also the report of Dr. Couvillion, who performed an examination on referral by the Social Security Administration. His report is supported by medical findings, and he states that it is "highly unlikely" that Appellant could obtain employment. This report was made shortly after the Appellant filed suit. The only contradictory report is that of Dr. Driggs, which was made in December of 1976, and might be relevant concerning Appellant's prior termination in 1976 but not necessarily to her reapplication in late 1977.

Examining the record on the whole, the court is of the opinion that Appellant has presented a prima facie case that she is unable to perform substantial gainful activity. Since the administrative law judge concluded that Appellant had not met her burden, the Secretary was never required to present the government's case. This court does not hold that Appellant will be successful in the face of the government's evidence, but we do hold that Appellant has met her burden. Thus, the case is reversed with instructions for the district court to remand the case to the Secretary for further action consistent with this opinion. On remand the Secretary should consider the applicability of the regulations governing vocational factors, 20 C.F.R. §§ 404.1501 to 404.1539, and whether the evidence supports a continual period of disability from June, 1973 forward.

REVERSED AND REMANDED.