**Robert KROH**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services.**

Civ. A. No. 81-3184.

United States District Court,
E. D. Pennsylvania.

April 23, 1982.

Lester Krasno, Maureen Krueger, Pottsville, Pa., for plaintiff.

Serena H. Dobson, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

### MEMORANDUM AND ORDER

TROUTMAN, District Judge.

In a concise and well written brief plaintiff properly points out and emphasizes that the Administrative Law Judge (ALJ) has failed to fully consider the plaintiff's complaints of constantly recurring pain, has failed to explain the basis for his complete rejection of plaintiff's testimony, has failed to consider the testimony of the plaintiff's attending physician, has failed to explain the basis for his complete rejection of such testimony, has relied exclusively upon the testimony of medical witnesses who never examined the plaintiff, has adopted as controlling and relied upon certain exhibits and rejected others without explanation, has apparently heavily relied upon post-hearing evidence solicited by the ALJ without giving the plaintiff or his counsel the opportunity to examine or cross-examine with reference thereto or comment thereon, has blindly and unexplainedly followed the testimony of Dr. Kantor, appointed by the ALJ, has rejected the plaintiff's contentions apparently because the precise etiology of his complaints and symptoms has not been determined, ignoring, at the same time, the testimony of Dr. Weber, the plaintiff's attending physician, whose diagnosis is supported by various hospital medical reports and by his own clinical examinations.[1]

---

1. Lack of the precise cause of given symptoms at a given time cannot afford the basis for a finding that the symptoms do not exist. Witness the early symptoms of anthracosilicosis or asbestosis, often attributed to exertion or smoking whereas upon the further develop-

Moreover, pain alone may be disabling. *Northcutt v. Califano*, 581 F.2d 164 (8th Cir. 1978). Rejection of subjective complaints of pain merely because they have not been or cannot be confirmed by laboratory or clinical tests is improper. *Kennedy v. Richardson*, 454 F.2d 376 (3d Cir. 1978) (record remanded). *Likewise see Thorne v. Weinberger*, 530 F.2d 580 (4th Cir. 1976). More importantly, see the recent case of *Smith v. Califano*, 637 F.2d 968 (3d Cir. 1981) where the court noted that

> The Administrative Law Judge has decided every major issue of credibility against the claimant.

and concluded:

> Despite the deference to administrative decisions ... appellate courts retain a responsibility to scrutinize the entire record and to reverse or remand if the Secretary's decision is not supported by substantial evidence.

*Likewise see Warhola v. Harris*, 509 F.Supp. 1236 (E.D.Pa.1981); *Harrison v. Califano*, 594 F.2d 854 (3d Cir. 1978); *King v. Secretary, H.E.W.*, 481 F.Supp. 947 (E.D.Pa. 1979); *Horchar v. Harris*, No. 80–3748 (E.D.Pa. July 2, 1981).

Aware as we are of the burdensome workloads imposed upon Administrative Law Judges, we are compelled to remand the record for reconsideration in the light of the plaintiff's contentions and the comments herein contained.

ment of the disease sometimes years later, the precise cause is finally determinable. The same is sometimes true of coronary and heart conditions.