Nancy L. WALKER

v.

Richard SCHWEIKER, Secretary of Health and Human Services.

Civ. A. No. B–81–221–CA.

United States District Court, E. D. Texas, Beaumont Division.

July 30, 1982.

Elizabeth Petit, East Texas Legal Services, Beaumont, Tex., for plaintiff.

William Cornelius, Asst. U. S. Atty., Tyler, Tex., for defendant.

## MEMORANDUM OPINION

### JOE J. FISHER, District Judge.

This case is here on cross-motions for summary judgment. Plaintiff seeks review of a final decision of the Secretary of Health and Human Services under sections 216(i) and 223 of the Social Security Act, as amended, denying her requested disability benefits. Under § 223 of the Act, plaintiff is not entitled to disability benefits, despite suffering a disability which renders performance of her old job impossible, if plaintiff is able to perform some kind of substantial gainful employment, and if such employment has been shown to be in existence in the national economy.

## FACTS

Plaintiff is a forty-six year old woman. She is married, but separated, and is the mother of eight children, four of whom still live at home. She has a sixth-grade education, and has worked as a short order cook, and as a dishwasher. The plaintiff claims a right to supplemental security income and disability insurance benefits due to severe and disabling pain resulting from arthritis in her knees. The Secretary determined that the plaintiff did not have impairment sufficient enough to be deemed disabling within the meaning of the Act, and her claim was therefore denied.

## THE LAW

The Court's review in this case is extremely limited. This Court's only function is to determine whether there is substantial evidence in the record to support the conclusion of the Secretary of Health and Human Services. *Flowers v. Harris*, 616 F.2d 776 (5th Cir. 1980). It is not the business of this Court to reweigh the evidence or to substitute its judgment for that of the Secretary's. *See Rhynes v. Califano*, 586 F.2d 388, 390, (5th Cir. 1978).

This Court may reverse a finding of the Secretary only if it is not supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Johnson v. Harris*, 612 F.2d 993, 997 (5th Cir. 1980).

Under the decision of the United States Court of Appeals in *DePaepe v. Richardson*, 464 F.2d 92 (5th Cir. 1972), it is incumbent on the Court to look at the evidence as a whole and take into consideration the following factors:

(1) objective medical facts or clinical findings;

(2) diagnosis of examining physicians;

(3) subjective evidence of pain and disability as testified to by the claimant and others who have observed him;

(4) the claimant's age, education, and work history.

*Id.* at p. 94.

## DISCUSSION

The Administrative Law Judge found, *inter alia*, that the plaintiff suffers from advanced joint disease (rheumatoid arthritis), goiter, hypertension (well controlled), asthma (well controlled), iron deficiency anemia, gastroenteritus, and menorrhagia and uterine fibroids. However, in spite of the medical problems, the ALJ found the plaintiff as having the residual capacity for at least sedentary work. (Tr. 14). Further, the ALJ found:

> The medical impairments are not shown from the medical evidence as a whole to be causing such a severe degree of pain as contended, and claimant's complaints are not credible to the extent of establishing a complete inability to perform any substantial gainful work due to pain. (Tr. 15).

Dr. Rogelio Mendoza, the claimant's treating physician, found the claimant to be permanently disabled. Further, he found that the claimant can't stand or walk, but that she can sit in a wheel chair for 8 hours. Dr. Mendoza was of the opinion that the claimant can't work, though he further found that the claimant could reach, handle, finger and feel, using both hands for repetitive simple grasping and fine manipulation. (Tr. 178–182).

Dr. Dale Hager examined the plaintiff on April 3, 1980. He examined the plaintiff attempting to find medical evidence of problems sufficient to cause the level of pain plaintiff complained of. Dr. Hager found no swelling, pain, redness, warmth, deformity, crepidation, ankylosis, muscle wasting, limitation of motion in either knee or other joint. Further, Dr. Hager found that the plaintiff can do a full range of light work. (Tr. 168–173).

■ At the hearing, the plaintiff testified to the fact that she cannot do any work at all because of constant pain. (Tr. 50–53). However, the ALJ concluded that the plaintiff could perform light and sedentary work. (Tr. 18–19). This finding was based in part on the testimony of Dr. Harold Brown. Dr. Brown testified that based on the medical evidence as a whole, he felt the plaintiff had the residual capacity to engage in light and sedentary work. (Tr. 14). The issue seems to boil down to this: where the evidence, even when viewed in the light most favorable to the plaintiff, shows at best that the plaintiff might not be able to perform her old job, is she therefore entitled to benefits, or must some other hurdle be overcome? The general rule is that upon finding that the plaintiff is no longer able to perform her old job, the burden shifts to the Secretary to show that there is other gainful employment in the national economy which the plaintiff can perform. *Knott v. Califano*, 559 F.2d 279, 281 (5th Cir. 1977). The burden of showing by substantial evidence that a person who can no longer perform his job can engage in other substantial gainful activity is in almost all cases satisfied through the use of vocational expert testimony. See *Ferguson v. Schweiker*, 641 F.2d 243, 247 (5th Cir. 1981). At the hearing, a vocational expert did testify.

Ms. Nancy McCurdy, a vocational expert, testified that the plaintiff possessed the residual skills to perform the substantial gainful employment [sedentary work] to which reference [has been made]. Then she went on to describe various types of sedentary work which the plaintiff could perform. (Tr. 49–51). Further she testified to the fact that such work exists in significant numbers in the national and regional economy ... and could be performed by the claimant with only a minimal amount of job training. (Tr. 50–52).

## CONCLUSION

■ Having now reviewed carefully the pleadings, the transcript of the proceedings below, and the briefs of the respective par-

ties, the Court is of the opinion and finds that there is substantial evidence in the record to support the Secretary's decision that the plaintiff is not totally disabled, that the plaintiff is able to perform "light and sedentary work", that such work is available in the national economy, and that plaintiff is, therefore, not eligible for the benefits sought. It is, therefore,

ORDERED, ADJUDGED, and DECREED that plaintiff's Motion for Summary Judgment should be, and the same is, hereby DENIED, and that a final Summary Judgment in favor of the defendant be entered, and that the final decision of the Secretary of Health and Human Services rendered November 20, 1980, should be, and the same is, hereby AFFIRMED.