J. H. SPLAWN, Individually and on behalf of M. A. Splawn, Plaintiff,

v.

Richard SCHWEIKER, Secretary of Health and Human Services, Defendant.

Civ. A. No. CA-5-82-56.

United States District Court, N. D. Texas, Lubbock Division.

Aug. 11, 1982.

John Simpson, Splawn & Simpson, Lubbock, Tex., for plaintiff.

James A. Rolfe, U. S. Atty., Dallas, Tex., Roger L. McRoberts, Asst. U. S. Atty., Lubbock, Tex., Frank V. Smith III, Regional Atty., New York City, Renee H. Brooks, Asst. Regional Atty., U. S. Dept. of Health and Human Services, Dallas, Tex., for defendant.

## ORDER

WOODWARD, Chief Judge.

This proceeding was instituted by plaintiff against the Secretary of Health and Human Services as authorized by Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Plaintiff seeks judicial review of a final decision of the Secretary denying his application for reimbursement of certain medical expenses under Title XVIII, Part A of the Social Security Act, 42 U.S.C. § 1395 *et seq.*, commonly known as Medicare. The court has received and considered the defendant's motion for summary judgment, the briefs and the administrative record in the above-styled case.

The following appears from the record:

Plaintiff, on behalf of Michael A. Splawn, filed a claim for Part A, Hospital Insurance Benefits, requesting reimbursement for inpatient hospitalization expenses incurred as a result of psychiatric care and therapy received at Timberlawn Psychiatric Hospital. This request was denied initially and on reconsideration. Upon plaintiff's request, the claim was considered *de novo* by an administrative law judge. On November 24, 1981 the administrative law judge issued a recommended decision denying plaintiff's claim on the basis that the serv-

ices provided the claimant were not furnished by a "participating provider of services" and therefore were not covered under the hospital insurance provisions of the Medicare program. (Tr. 8). The administrative law judge's decision became the final decision of the Secretary on March 2, 1982 when the Appeals Council of the Social Security Administration denied plaintiff's request for review. (Tr. 2–3). Having exhausted his administrative remedies, plaintiff thereafter perfected his appeal to this court.

Part A of the Medicare Act, 42 U.S.C. §§ 1395—1395i, provides for federal reimbursement of hospital costs, including psychiatric hospital expenses, to qualifying elderly or disabled persons. 42 U.S.C. § 1395x(f). Under Part A of the Act, payment for services furnished to beneficiaries may be made only to "providers of services" which are eligible under the Act. 42 U.S.C. § 1395n, 42 C.F.R. § 405.150. To be eligible for payment of Part A, Health Insurance Benefits as a "provider of services", a hospital facility must file with the Secretary an agreement to comply with the conditions set forth in 42 U.S.C. § 1395cc and 42 C.F.R. Part 405, Subpart F. The record established that Timberlawn Psychiatric Hospital has not met these requirements and that it is not a participating hospital in the Medicare program and in fact the plaintiff has not challenged this holding.

Instead, plaintiff seems to have alternative arguments in this case. First, plaintiff argues that the regulations should be liberally interpreted to maximize coverage under the Act. Second, plaintiff has challenged the constitutionality of the provision of the Act and the regulation which limits payment of benefits to "participating" hospitals in the Medicare program. Plaintiff claims that this restriction violates his right to equal protection under the law.

As always, the findings of the Secretary are conclusive if supported by substantial evidence. *Flowers v. Harris*, 616 F.2d 776 (5th Cir. 1980); *Fortenberry v. Harris*, 612 F.2d 947 (5th Cir. 1980). The plaintiff agrees that the proper standard for determining whether the statute violates equal protection is whether the restriction is rationally related to furthering a legitimate state interest. *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). Further, plaintiff acknowledges the general rule that the agency's interpretation of the regulations should be accorded substantial weight. *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945).

■ Plaintiff argues that the special circumstances of this case justifies a broad construction of the administrative regulations which would allow payment of benefits to a non-participating facility. This court finds that Title XVIII of the Social Security Act specifically provides that certain requirements be met to qualify for payment under the Medicare program. "[T]he language of the Act is clear that payment for services is authorized only to providers of services eligible therefore under § 1395cc." *Dady v. Schweiker*, CA No. 81–F–366 (D.Colo. Feb. 22, 1982). There is no room for interpretation and there is no doubt that Timberlawn Psychiatric Hospital is not qualified to receive payment.

■ Plaintiff further asserts that this regulatory restriction is unconstitutional as applied because it violates plaintiff's right to equal protection under the law. Yet the plaintiff has not actually raised a substantial constitutional issue because he does not argue that Congress, in requiring a facility to qualify with the Secretary, has acted irrationally. This court is of the opinion that the payment restriction is rationally related to furthering a legitimate state interest and is in fact necessary to insure that participating facilities are safe and provide adequate care. It cannot be said that Congress acted irrationally by providing this means of control in the administration of the Medicare program. Further, it should be noted that there is no evidence that Timberlawn Psychiatric Hospital has made any effort to qualify as a participating facility under the Act.

The facts of this case present a truly unfortunate situation but one in which the plaintiff is entitled to no relief. Therefore, the motion for summary judgment of the defendant is hereby granted. A judgment will be entered accordingly.