**Fermin RODRIGUEZ, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

Civ. No. 82–2599CC.

United States District Court,
D. Puerto Rico.

Sept. 19, 1983.

Samuel Pagán-Pagán, Bayamón, P.R., for plaintiff.

Francisco A. Besosa, Asst. U.S. Atty., for defendant; Annette H. Blum, Hato Rey, P.R., of counsel.

## OPINION AND ORDER

CEREZO, District Judge.

This is a complaint brought under Section 205(g) of the Social Security Act (the Act), 42 U.S.C. Section 405(g) which seeks judicial review of a final decision by the Secretary of Health and Human Services (the Secretary) terminating plaintiff's disability insurance benefits. Plaintiff's disability stems from a mental condition diagnosed as paranoid schizophrenia and he was awarded disability benefits from December 15, 1977. The Secretary determined that on July 1981 plaintiff's mental condition had improved and determined that effective September 1981 plaintiff was no longer entitled to the Act's insurance benefits. The Secretary initially found that plaintiff was no longer suffering from a severe mental condition and decided that benefits should no longer be conferred. After plaintiff's request for reconsideration was denied he submitted the evidence to an administrative law judge and waived an oral presentation at the hearing. The administrative law judge heard the testimony of a vocational expert and presented to him questions based on the sole medical examination conducted on plaintiff during the relevant post June 1981 period by a psychiatrist appointed by the Secretary who is also a staff physician for the Social Security Administration. The vocational expert concluded that according to plaintiff's residual functional capacity as evinced by the medical examination conducted by the Secretary's psychiatrist, plaintiff could not engage in his past employment or in any other substantial gainful activity. Based on these conclusions the administrative law judge found that plaintiff was still disabled within the meaning of the Act. The Appeals Council, however, thought otherwise and found that plaintiff was not disabled because he was not suffering from a "severe impairment" as defined by the Secretary's regulations. In reversing the administrative law judge, the Appeals Council considered that the information contained in the treatment notes taken during plaintiff's various visits to a Commonwealth of Puerto Rico Mental Health Unit showed "virtually no inability to function industrially." The Council disregarded the medical examination conducted by its consultative psychiatrist as not being consonant with the bulk of the treatment progress notes. The Secretary did not conduct further hearings nor was plaintiff ex-

amined by another physician during the relevant period.

We believe the Secretary's decision is not based on substantial evidence on the record as a whole. As defined in *NLRB v. Columbian Enameling and Stamping Co.,* 306 U.S. 292, 299–300, 59 S.Ct. 501, 504–505, 83 L.Ed. 660 (1939) substantial evidence is "more than a scintilla and must do more than create a suspicion of the existence of the fact to be established. 'It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* Although the Secretary in its decision-making process may disagree internally with its own finding at one of the administrative levels, its final decision must also be based on substantial evidence. *Le Master v. Weinberger,* 533 F.2d 337, 339–40 (6th Cir.1976). In the present case, it was unreasonable to disregard the findings of the psychiatrist appointed by the Secretary for the specific purpose of determining whether plaintiff's mental impairment had improved and rely instead on the scant references made by the attending personnel at the mental health units as to plaintiff's statements that he was responding well to the medication. If the Secretary doubted the adequacy of its consulting psychiatrist's ability to pierce the presumably false symptomatology presented by plaintiff, it should have referred him to another physician for an additional evaluation and/or conducted another hearing to receive plaintiff's testimony and make an appropriate finding of credibility.[1] Although conflicts in the evidence and matters of credibility are generally left to the Secretary for their ultimate resolution, *see: Lizotte v. Secretary of Health and Human Services,* 654 F.2d 127–128–129 (1st Cir.1981), the Secretary's final decision, whether adopting one or the other

piece of evidence, must be supported by substantial evidence. *See: Rodriguez v. Secretary of Health and Human Services,* 647 F.2d 218, 222 (1st Cir.1981); and *Flowers v. Harris,* 616 F.2d 776, 778 (5th Cir. 1980). And, although the Secretary has the prerogative of adopting the physician's opinion it finds more suitable for the ultimate finding of adequacy to engage in substantial gainful activity, it may not arbitrarily choose to ignore an uncontroverted medical diagnosis. *See: Klug v. Weinberger,* 514 F.2d 423, 426–27 (8th Cir.1975). One could hardly consider the brief treatment notes, which consist mainly of the information relayed by plaintiff to social workers during his short sporadic visits to obtain medication and on which there is no indication that plaintiff's mental condition or functional capacity was being evaluated on a more thorough basis other than by these short observations, to seriously controvert the findings, observations and diagnosis arrived at by the Secretary's own consulting psychiatrist who conducted a complete psychiatric examination specifically geared at determining whether plaintiff's residual capacity permitted him to engage in substantial gainful activity. The Secretary's exclusive reliance on the limited information provided by the mental health care unit's treatment notes, without additional evidence of more thorough examination of plaintiff's mental condition, and in particular, evaluations of his residual functional capacity, is inadequate to support a finding that plaintiff's impairment is not severe[2] and is insubstantial considering the specific findings of functional disability made by the Secretary's own assigned psychiatric evaluation. The decision of the Secretary is hereby REVERSED and the claim shall be referred to the Secretary for

---

1. We assume that the Secretary's reference in the Appeals Council's decision to plaintiff's testimony refers to the documentary evidence submitted at the hearing which contained plaintiff's written statements. Otherwise, we would be forced to conclude that the Appeals Council ignored this part of the record.

2. Aside from suggesting that plaintiff may have feigned his symptoms during the psychiatric

examination, the Secretary does not question the findings of severe disability contained in the report. Nor does the Secretary question the correctness of the findings arrived at during the additional vocational steps taken by the administrative law judge in the sequential evaluation which led to the conclusion that plaintiff's mental impairment precluded him from engaging in any substantial gainful activity.

 

the computation of the corresponding award.

SO ORDERED.