**Lloyd F. TINGLING, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 82 Civ. 7526 (RIC).**

United States District Court,
S.D. New York.

Oct. 31, 1983.

---

Irving Schlitt, Hartsdale, N.Y., for plaintiff.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendant; Thomas E. Moseley, Sp. Asst. U.S. Atty., New York City, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

Plaintiff, Lloyd Tingling, commenced this action pursuant to 42 U.S.C. § 405(g) to review a final determination of the Secretary of Health and Human Services (the "Secretary") denying his claim for disability insurance benefits. The Secretary moves for an order pursuant to F.R.Civ.P. 12(c), granting judgment on the pleadings, and plaintiff cross-moves for summary judgment pursuant to F.R.Civ.P. 56.[1] At

---

1. The court will treat the plaintiff's motion for summary judgment as a motion for an order reversing the Secretary's decision. Because the Social Security Act confines the scope of judicial review to evidence within the administrative record, motions for summary judgment are procedurally improper vehicles for a decision on

issue is whether the Secretary's determination that plaintiff is not "disabled," as that term is defined in the Social Security Act (the "Act"), is supported by substantial evidence, 42 U.S.C. § 405(g). Careful examination of the entire administrative record convinces the Court that it is not, and that the matter must be remanded for further proceedings.

Mr. Tingling, now 62 years of age, worked as a New York City Housing Police Officer in the Harlem area from October, 1961 through May, 1981. In May, while responding to a call in a police car, he injured his lower back when the car stopped suddenly.[2] On September 3rd, after this accident, Tingling filed for disability insurance with the Social Security Administration. He claimed that he could no longer work due to constant pain in his back; he could not lift things and he was able to sit for short periods of time only. (Tr. 14) He complained of sharp pains and decreased strength in his right hand. (Tr. 47) He noted pain in his arms as well. (Tr. 19)

Tingling also described breathing problems which he experienced after an operation he underwent in 1977 to remove a benign tumor of the larynx. (Tr. 72, 73, 78) He maintained that he was unable to breathe in places where there was likely to be any smoke. He claimed that he was prohibited from attending social affairs, theaters, or other indoor recreations as a result of his breathing difficulties. (Tr. 50)

Dr. Richard Neudorfer, who examined Tingling after his accident, concluded that plaintiff was totally disabled with respect to his former employment and partially disabled with respect to any sort of work, and that even light duty assignments that Tin-

gling might be able physically to perform would present problems in view of Tingling's inability to work in a smoke tainted environment.

His report, made subsequent to his last examination of Tingling on November 23, 1981, described the basis for his conclusions. He diagnosed Tingling's back problem as a "mildly severe restriction of the lumbar spine, associated with an exacerbation of severe low back pain." (Tr. 76) He noted that his examination of plaintiff revealed pain in the left lower extremity, but no evidence of actual neurologic deficit. He also noted Tingling's pain and numbness in his right hand, although EMG and nerve conduction studies performed in June, 1981 were normal. His report stated that Tingling had been confined in bed for two to three days due to pain.

Dr. Williams, who performed the operation on plaintiff's larynx and subsequently saw plaintiff for problems associated with sinusitis, recommended that plaintiff work in the fresh air as much as possible, and avoid smoke congested atmospheres. (Tr. 78) A more recent report on this aspect of plaintiff's condition made by Dr. Allan Abramson was apparently not included in the record, although plaintiff referred to it in his disability insurance application. (Tr. 61)

*Determination*

The Secretary's decision to deny benefits to Tingling is based upon the findings of the Administrative Law Judge ("ALJ"), who considered the case in a hearing on April 19, 1983.[3] In his decision, the ALJ notes Tingling's subjective complaints and the medical evidence which Tingling cites, but dismisses them. He justifies the dis-

the merits of the complaint. *Garcia v. Califano,* 463 F.Supp. 1098, 1100 (N.D.Ill.1979).

**2.** Mr. Tingling had had several accidents prior to 1981, these also involving his lower back. In 1962 he was knocked down by a stolen vehicle, hurting his back. In 1974, he again injured his back when he assisted a drunken individual. In 1979, he fell on an ice slick while at work. He received physiotherapy to his back for 5–6 months as a result of this accident.

**3.** The ALJ found that Tingling was not under disability. Plaintiff requested a review of the ALJ's decision and submitted some additional medical information, but the Appeals Council denied the request for review. On September 17, 1982, the Appeals Council adopted the ALJ's determination, which then became the final decision of the Secretary. (Tr. 3)

posal of this evidence by relying on the results of certain medical tests reported in the record, including those performed by Dr. Neudorfer. These tests indicated that Tingling functioned within normal limits in certain areas. The ALJ found, therefore, that Tingling's subjective complaints and his claim concerning his inability to perform any work were unsupported by the record and that Tingling was not prevented from engaging in substantial gainful activity. (Tr. 10)

In reviewing the ALJ's conclusion, the Court cannot make a *de novo* determination. *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir.1980). It is the Secretary's province to make findings of fact and decisions regarding the merits of a disability claim. 'The Secretary must weigh all the evidence and resolve any material conflicts. *Richardson v. Perales*, 402 U.S. 389, 399, 91 S.Ct. 1420, 1426, 28 L.Ed.2d 842 (1971); *Flowers v. Harris*, 616 F.2d 776, 778 (5th Cir.1980). The standard controlling judicial review is whether the Court finds the Secretary's decision supported by substantial evidence, 42 U.S.C. § 405(g). The Court is obligated, however, to scrutinize the entire record to determine whether the Secretary's findings have rational support in the evidence upon which she relied. *See Scherer v. Schweiker*, 530 F.Supp. 128, 130 (S.D. N.Y.1982) (Weinfeld, J.).

The Court is unable to find that the ALJ's conclusion in this case has sufficient support from the evidence presented. The various facets of the claimant's case that must be considered are: (1) the objective medical evidence; (2) diagnoses or medical opinions based on these facts; (3) subjective evidence of pain and disability testified to by the claimant and family, or others; and (4) the claimant's educational background, age and work experience. *Gold v. Secretary of Health, Educ. and Welfare*, 463 F.2d 38 (2 Cir.1972), *Buggeo v. Harris*, 486 F.Supp. 690, 692 (S.D.N.Y.1980).

In basing his decision almost exclusively on certain "normal" test results, the ALJ focused too narrowly on one aspect of the claimant's case, in disregard of considerable evidence to the contrary. This was improper. *Flores v. Department of Health, Educ. and Welfare*, 465 F.Supp. 317, 320 (S.D.N.Y.1978) (Conner, J.); *see Garcia v. Califano*, 463 F.Supp. 1098, 1105 (N.D.Ill.1979).

First, the ALJ failed to give adequate weight to both plaintiff's oral and written testimony. Because pain, standing alone, may constitute a disabling condition under the Act, *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir.1979), the ALJ must deal seriously with subjective evidence of pain in evaluating the total evidence, *Garcia v. Califano, supra*, 463 F.Supp. at 1103, and articulate fully his reasons for rejecting those claims. *Stewart v. Harris*, 509 F.Supp. 31, 35 (N.D.Cal.1980). Rejection of subjective complaints of pain merely because they have not been confirmed by laboratory or clinical tests is unwarranted. *Kroh v. Schweiker*, 539 F.Supp. 216, 217 (E.D.Pa.1982). Moreover, the ALJ's rejection of plaintiff's complaints can hardly be thoroughly considered based upon a 20-minute interview in which he directed only two inquiries toward determining how plaintiff's pain affected his ability to work. The ALJ remarked negatively on plaintiff's credibility in this regard, but failed to clarify the basis on which he reached this conclusion.

Second, the ALJ erred in considering Dr. Neudorfer's testimony. This Court has emphasized consistently that special weight be given to medical reports submitted by an applicant's attending physician. *Chiappa v. Secretary of the Dep't of Health, Educ. and Welfare*, 497 F.Supp. 356, 359 (S.D.N.Y.1980) (Sofaer, J.); *see also Oppenheim v. Finch*, 495 F.2d 396, 398 (4th Cir.1974).[4] Unless contradicted by substantial evidence, the expert opinions of

---

**4.** "ALJs ... have an obligation, virtually amounting to an affirmative duty, to create a record which clearly shows their awareness of the Second Circuit rule governing the opinions of treating physicians." *Chiappa v. Secretary of Dep't of Health, Educ. and Welfare, supra*, 497 F.Supp. at 360.

a treating physician as to the existence of a disability are binding on the factfinder. *McLaughlin v. Secretary of Health, Educ. and Welfare,* 612 F.2d 701 at 705 (2nd Cir.1980). Instead, the ALJ placed reliance on a report made by the Social Security Administration's review physician, Dr. Langman (Tr. 33), who did not examine or treat the plaintiff but based his judgment solely on the reports made by two of claimant's treating physicians: Dr. Neudorfer and Dr. Williams. The review physician concluded that Tingling could stand for six hours a day, lift and carry up to 50 pounds, that Tingling had a residual functional capacity (RFC) for medium work, and that plaintiff should be able to do his customary past work as a patrolman. Based on these findings, the ALJ deduced that Tingling could perform activities requiring frequent lifting of objects weighing 25 pounds. (Tr. 36)

■ Without more,[5] the opinion of non-examining doctors cannot serve as substantial evidence to support a finding of non-disability. *Karp v. Schweiker,* 539 F.Supp. 217, 219 (N.D.Cal.1982). Moreover, Dr. Langman's findings regarding Tingling's capacity to lift 50 pounds, to stand and work for defined periods, have no foundation in the reports submitted by doctors Neudorfer and Williams.

Third, the ALJ failed to consider the possible cumulative effects of plaintiff's multiple disabilities. The Secretary, and consequently, the ALJ, must view the individual claimant as a whole; disability claimants are not to be evaluated as having

several isolated symptoms. *Karp v. Schweiker, supra,* 539 F.Supp. at 220; *see also Colwell v. Gardner,* 386 F.2d 56, (6th Cir.1967). The ALJ did conclude that plaintiff failed to establish an impairment of sufficient severity to prevent the claimant from performing "basic work activities," but he omitted any findings as to the effect of the combination of Tingling's impairments.[6] *Stewart v. Harris,* 509 F.Supp. 31, 35 (N.D.Cal.1980).

■ Finally, the ALJ has not fulfilled his duty to develop a full and fair record. *See Smith v. Secretary of Health, Educ. and Welfare,* 587 F.2d 857 (7th Cir.1978). The ALJ's obligation to inquire fully into matters at issue, "to probe and explore scrupulously all the relevant facts," is particularly important where the claimant, as here, was not represented by an attorney. *Diabo v. Secretary of Health, Educ. and Welfare,* 627 F.2d 278, 282 (D.C.Cir.1980) *citing Gold v. Secretary of Health, Educ. and Welfare, supra,* 463 F.2d at 43; *Cutler v. Weinberger,* 516 F.2d 1282, 1296 (2d Cir.1975). Although the ALJ kept the record open to admit additional medical evidence, he failed to elicit any testimony from Tingling's wife and son. Where, as in this case, claimant's subjective complaints constitute a significant part of his claim for disability insurance, it is important for the ALJ to examine other subjective evidence which might corroborate or negate claimant's allegations. Tingling was never advised that he could have other witnesses corroborate his condition.

---

**5.** There was no other medical evidence contradicting Dr. Neudorfer's findings. The Mo-Vern Group report (Tr. 72) noted that certain test results were within normal limits, but confirmed restrictions in movement reported by Dr. Neudorfer. Dr. Basya Silver of the Department of Social Services, after a phone conversation with Dr. Neudorfer, repeated the latter's findings. (Tr. 77)

**6.** Where the ALJ's findings of Tingling's capacity to return to his job as a housing patrolman are ambiguous, the omission becomes more notable in detracting from the basis of the ALJ's reasoning. By itself, the conclusion that Tingling can perform "basic work activities" leaves too much unsaid. "The rule that a finding of

ability to engage in substantial gainful employment cannot be merely theoretical is longstanding in this Circuit," *Maldonado v. Mathews,* 424 F.Supp. 301, 305 (E.D.N.Y.1976) *citing Kerner v. Flemming,* 283 F.2d 916, 921 (2d Cir.1960). Tingling's claim is that he cannot perform his former job because of the pain he experiences, which prevents him from being active for the period required of a housing patrol officer. Further, while he may be able to perform work requiring less physical movement, his inability to breathe in smokey environments prohibits almost all indoor work. The ALJ has not addressed these claims adequately in evaluating Tingling's application.

Accordingly, the Court does not find substantial evidence to support the Secretary's decision in this case. The record is, however, inadequate to grant defendant's motion for summary judgment, which the Court has treated as a motion for an order reversing the Secretary's decision. The Court, therefore, finds it necessary to remand the case to afford the Secretary an opportunity to consider the evidence more fully and to afford Tingling the chance to adduce further medical and/or subjective evidence in support of his claim. Plaintiff may submit the additional evidence he offered in this proceeding.

Plaintiff's motion is granted to the extent indicated by this opinion. The defendant's motion for judgment on the pleading is denied and the case is remanded for further proceedings.

IT IS SO ORDERED.