**Miguel Marrero CRUZ, Plaintiff,**

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

Civ. 83–0590CC.

United States District Court,
D. Puerto Rico,
San Juan Division.

May 15, 1984.

Manuel De-Jesús-Mangual, San Juan, P.R., for plaintiff.

Daniel F. López-Romo, U.S. Atty., by Francisco A. Besosa, Asst. U.S. Atty., Hato Rey, P.R., for defendant.

## REMAND ORDER

CEREZO, District Judge.

This is an action brought under Section 205(g) of the Social Security Act, as amend-

ed, for review of the final decision of the Secretary of Health and Human Services terminating disability benefits. Plaintiff is a forty-eight year old man with a high school education and work experience as installer of aluminum curtains and glass windows at construction projects for a manufacturing company. On June 16, 1977 he applied for disability insurance benefits retroactive December 2, 1976 due to high blood pressure, diabetes and a condition of the feet. After an administrative hearing it was determined that he was disabled since that date and disability benefits were granted. A reevaluation of his case resulted in termination of benefits as of February 1982.

The medical evidence consists of treatment records at Veterans Hospital and at Trujillo Alto Diagnostic and Treatment Center, a psychiatric evaluation and an internist's medical report. The records at Veterans Hospital reveal that, at least during 1981, plaintiff's blood pressure was low and his diabetes under control. There is evidence subsequent to 1981 which shows that his blood pressure was high in spite of medication. The internist's evaluation performed upon request of the Secretary on January 14, 1982 disclosed that claimant has had no recurrence of pancreatitis and no retinopathy. Chest x-rays and an electrocardiogram were normal. Diabetes mellitus and arterial hypertension were diagnosed. In his opinion plaintiff could sit, stand and walk up to six hours in an eight hour work day, lift and carry up to twenty pounds, use both hands for pushing, pulling, simple grasping or fine manipulation, use his feet for operating controls and bend, squat, crawl and climb occasionally.

The psychiatric evaluation performed on April 17, 1982 by Dr. Luis Raúl Ríos Mellado disclosed that claimant suffered from a depressive neurosis with anxiety, moderate to severe. In his opinion plaintiff was unable to work.

■ The Secretary concluded that none of these conditions met the severity requirement of the Act, that he was able to perform his past work as well as any other type of work and that accordingly he was not disabled.

There is ample evidence in the record showing that plaintiff's past work required him to stand all day and to frequently bend, squat and climb. The consultative physician's report of residual functional capacity reveals that he cannot perform this kind of work since he can bend, squat or climb only occasionally. There is no other evidence which could support a different conclusion. The Secretary rejected this because of the three fasting blood sugar tests in the record, two of them have been within normal limits and he has had no diabetes complications or significant end organ damage as a result of his high blood pressure. This evidence alone is insufficient to overcome an expert's opinion. If the Secretary doubted the adequacy of its consulting physician's determination of residual functional capacity, she should have referred him to another physician for an additional evaluation. The Secretary may not arbitrarily choose to ignore an uncontroverted medical opinion. *Rodriguez v. Secretary of Health and Human Services*, 570 F.Supp. 1445 (DPR 1983).

■ Furthermore, the Secretary has discounted in its assessment of the severity of plaintiff's condition the uncontroverted psychiatric evaluation and the side effects of medication corroborated by the treatment records. Administrative law judges are not medical experts, their function is to gather and to weigh evidence, not to make diagnoses. *Aubeuf v. Schweiker*, 649 F.2d 107, 113 (2d Cir.1981); *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir.1975). When an administrative law judge is skeptical of the medical evidence on record, the just solution is to obtain supplementary medical opinions by means of either a consultative examination of the claimant by another physician or of a review of the extant medical records by a medical adviser. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Pérez v. Secretary of Health, Education and Welfare*, 622 F.2d 1 (1st Cir.1980).

This case is hereby REMANDED to the Secretary for further proceedings in accordance with this opinion.

SO ORDERED.