861 F.2d 722
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jacqueline VOSS, on Behalf of Kenneth VOSS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-2069.
 United States Court of Appeals, Sixth Circuit.
 Nov. 4, 1988.
 
 Before ENGEL, Chief Judge, BOGGS, Circuit Judge, and THOMAS A. BALLANTINE, Jr., District Judge.*
 PER CURIAM.
 
 
 1
 Jacqueline Voss appeals from a summary judgment of the United States District Court for the Eastern District of Michigan affirming the Secretary of Health and Human Services' denial of a claim for disability insurance benefits, made initially by her now deceased husband.
 
 
 2
 Kenneth Voss was 50 years old at the time of his administrative hearing on May 2, 1983. He had a tenth grade education. Voss had stopped working at his job as "working foreman" at National Broach and Machine Company on May 27, 1982. He had worked for that company for approximately thirty years and had held his last position for approximately fifteen years.
 
 
 3
 On August 30, 1982, Kenneth Voss filed a claim for disability insurance benefits alleging that he was disabled and unable to work due to aortic occlusion, arteriosclerotic heart disease, gout and a combination of symptoms including fatigue, difficulty in breathing, chest pain, and leg pain as a result of impaired circulation. The Social Security Administration denied the application initially and on reconsideration. An ALJ concluded that Voss was not disabled, finding that although Voss was unable to return to his former position, he retained the residual functional capacity to perform a limited range of sedentary work. Shortly after the administrative hearing, Voss died as a result of cardiac arrest secondary to arteriosclerotic heart disease and his wife was substituted to pursue his claim. The Appeals Council denied review. On review in the district court the magistrate's finding that substantial evidence supported the Secretary's decision was adopted.
 
 
 4
 After careful review of the record, we are convinced that there is a lack of substantial evidence to support the Secretary's finding that Voss was capable of performing sedentary work. We therefore reverse and remand to the district court with directions to enter a summary judgment in favor of Voss.
 
 
 5
 In determining whether a claimant has met his burden to prove disability, an ALJ must consider four interrelated types of proof: (1) objective medical facts, (2) expert medical opinion, (3) subjective evidence of pain and disability, and (4) claimant's age, educational background and work history. Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir.1962); Lackey v. Celebrezze, 349 F.2d 76, 77 (4th Cir.1965).
 
 
 6
 Voss testified that he suffered pains in his arms and legs when he walked, stood or sat in one position for "15 to 20 minutes," shortness of breath, nervousness, tension and headaches. Voss' wife and daughter were available to testify at the hearing, but the ALJ refused to hear their testimony, stating that it would simply be both "duplitive (sic) and frankly unnecessary." The ALJ subsequently discredited Voss' testimony based almost exclusively on Voss' acceptance of state unemployment compensation benefits. The ALJ's theory is stated as follows: "To no small extent, the claimant's credibility is also quite tainted by his contrary statements to the State that he is able to work, juxtaposed to his allegations of disability offered to the Social Security Administration, suggesting that the claimant is in some measure guided by perceived pecuniary interest." The ALJ also stated that Voss' receipt of unemployment benefits "seriously calls into question the claimant's credibility and veracity with respect to his assertions of disabling impairments."
 
 
 7
 The receipt of unemployment insurance benefits alone does not prove an ability to work. Riley v. Heckler, 585 F.Supp. 278, 285 (S.D.Ohio 1984). In discrediting Voss' entire testimony, based almost exclusively on Voss' receipt of unemployment benefits and, at the same time refusing to hear other available testimony regarding Voss' subjective symptoms of pain and disability, the ALJ effectively prevented the consideration of subjective evidence in his determination that Voss was not disabled. Subjective evidence is probative on the issue of disability, even if unsupported by other objective evidence. Sayers v. Gardner, 380 F.2d 940, 948 (6th Cir.1967). "Where, as in this case, claimant's subjective complaints constitute a significant part of his claim for disability insurance, it is important for the ALJ to examine other subjective evidence which might corroborate or negate claimant's allegations." Tingling v. Secretary of Health and Human Services, 575 F.Supp. 905, 909 (S.D.N.Y.1983).
 
 
 8
 Voss is now deceased. We decline to reopen the case at this late date. Accordingly, we reverse the decision of the district court and remand with directions to grant summary judgment in favor of Jacqueline Voss.
 
 
 
 *
 The Honorable Thomas A. Ballantine, Jr., United States District Judge for the Western District of Kentucky, sitting by designation